TALMUDIC LITERATURE PUBLISHERS, INC., Appellant, *v.* ABRAHAM
LEWIN and Another, Respondents.

First Department, April 19, 1929.

*Philip Wittenberg* of counsel [*Boudin & Wittenberg*, attorneys],
for the appellant.

*Saul B. Miners* of counsel [*Maurice E. Serling* with him on
the brief; *Boskey, Schiller, Marvin & Serling*, attorneys], for the
respondents.

PROSKAUER, J. In this action for an accounting the Special
Term has dismissed the complaint solely on the ground that no

cause of action in equity is stated. From the complaint it appears that plaintiff owns sets of a book known as " Babylonian Talmud " and the plates from which it was printed. A corporation known as The Light of Israel, Inc., offered to purchase this property for $30,000. The plaintiff, unwilling to extend credit to this corporation, entered into a written agreement with the buyer which provided, among other things, that 293 sets of the book were to be delivered to the defendants with the obligation and authority to retain them and deliver them in small quantities to the proposed purchaser upon payment of the purchase price. The defendants thereupon executed a written agreement containing a recital that they were " ready to accept the said trust " and binding themselves to receive and keep the said 293 sets of books, to release and turn them over to the purchaser from time to time on receipt of the purchase price of the books so turned over, and to pay over to the plaintiff all moneys received. It is further alleged that the defendants have refused to account either for the books so intrusted to them or for the moneys received for them. The prayer for relief demands that the defendants be directed to return all of the sets which they have not released to the purchaser and to account for the remainder.

The complaint is attacked solely on the ground that inasmuch as title to the books was never transferred to the defendants, they may not be held accountable in equity. Plaintiff, however, meets the test laid down in *Schantz* v. *Oakman* (163 N. Y. 148), cited with approval in *Fur & Wool Trading Co., Ltd.*, v. *Fox, Inc.* (245 id. 215), that " The defendant, in such an action, must appear to have been intrusted with property of the plaintiff and, in consequence, to have become bound to reveal his dealings with it." It is not necessary that there be a technical trust. Equity will take jurisdiction where there is a relation of agency and confidence and the agent has received property of the principal for which he refuses to account. (*Marvin* v. *Brooks*, 94 N. Y. 71; *Fur & Wool Trading Co., Ltd.*, v. *Fox, Inc.*, 245 id. 215.)

The orders should, therefore, be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs, with leave to defendants to answer upon payment of said costs.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs, with leave to defendants to answer upon payment of said costs.