NEW YORKERS PRODUCING CORPORATION, Appellant, *v.* BENJAMIN S. Moss and Others, Respondents.

First Department, February 3, 1933.

*Selig J. Levitan* of counsel [*Jacob K. Javits* with him on the brief; *Javits & Javits,* attorneys], for the appellant.

*Frederick W. Sperling* of counsel [*Mortimer Fishel,* attorney], for the respondents.

SHERMAN, J.   The question for determination is whether the complaint states a cause of action.

Plaintiff pleads that it " entered into a co-partnership and joint adventure " with defendants for the production of a musical play at a theatre controlled by defendants in the city of New York. Plaintiff agreed to produce that composition, to hire and pay the performers and to afford the use of its costumes, scenery and other property in its presentation.

The gross income through paid admissions and other income received from the production, were to be so applied that, first, defendants would receive the overhead and running expenses of the theatre, exclusive of any salary or proportion of salary or compensation of any kind for executive employees or officers of defendants, and including only charges for electric power, salaries and wages for non-executive employees, cleaning and other incidental maintenance expense.   Defendants were to furnish the usual advertising for the production free of any charge to plaintiff's share or to the joint adventure, and the parties agreed that after making the deductions above mentioned from gross income, the sum remaining should be paid by defendants to plaintiff.

During the period of the contract, plaintiff performed its obligations and defendants allowed the use of their theatre.   Plaintiff then demanded from defendants an accounting of the income collected and deductions made in the business of the joint venture; but the statement submitted by defendants to plaintiff was inaccurate and not in accord with the agreement between the parties, in that deductions made by defendants from gross income were far in excess of the amounts properly chargeable to the joint adventure, and in that defendants also deducted, in breach of the agreement, a commission amounting to thirty-five per cent of the receipts as " theatre rental."   Defendants have received the box office receipts and all the gross income during that period, but have failed and refused to furnish a true accounting as agreed and to pay to plaintiff the sums owing to it.   The complaint concludes with a prayer for judgment, dissolving the joint venture and demanding an accounting.

It is defendants' contention that the complaint indicates a simple lease or rental agreement without any of the attributes of a fiduciary relationship, and that no facts are set forth which either justify equitable relief or even entitle plaintiff to recover at law.

While the complaint characterizes the agreement as a " co-partnership and joint adventure," the use of that nomenclature, in itself, does not give the right to an accounting. The complaint shows that defendants have received all the gross income from the presentation of the production and have made improper deductions therefrom, so that they retain moneys, a share of which belongs to the plaintiff who participated with defendants in the venture. The transaction has been completed. A relationship of trust is apparent in that defendants have in the course of this joint enterprise received and now hold the property, the proceeds of this joint business venture in which plaintiff has an interest. It was received for their joint account and defendants were really custodians of such receipts on behalf of all parties, upon the understanding that they would make proper deductions and then turn over the balance of the fund to plaintiff. There is stated a relationship " of agency and of a trust reposed, with respect to moneys or other property received " (*Schantz* v. *Oakman*, 163 N. Y. 148, 157), which is sufficient to sustain a suit for an accounting. " It is not, of course, essential to the right to an accounting that a legal partnership exist." (*Schantz* v. *Oakman, supra*, 157.) Under the circumstances disclosed, such a transaction is one fiduciary in nature requiring the utmost good faith between the parties. (*May* v. *Hettrick Brothers Co.*, 181 App. Div. 3, 13; affd., 226 N. Y. 580.) Accordingly, the defendants under the rules governing a fiduciary agent may be compelled to account. (*Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1.) If these defendants have appropriated to themselves amounts representing unauthorized deductions and have failed to act in good faith in retaining more of the proceeds than they should, they are accountable to plaintiff under the agreement set forth in the complaint.

We hold that the complaint states facts sufficient to constitute a cause of action in equity for an accounting, and, therefore, the order dismissing the complaint should be reversed, and the order striking the cause from the calendar of the Special Term should also be reversed, with twenty dollars costs and disbursements, and each motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Orders reversed, with twenty dollars costs and disbursements, and each motion denied, with ten dollars costs.