LOUIS SILVERMAN, Appellant, *v.* CHARLES V. BOB, Respondent, Impleaded with OIL FINDING CORPORATION and Others, Defendants.

First Department, February 11, 1938.

*Frederick H. Sanborn* of counsel [*Sapinsley & Lukas*, attorneys], for the appellant.

*Charles R. Conway* of counsel [*William T. Griffin* with him on the brief], for the respondent.

TOWNLEY, J.   This complaint alleges in substance that defendant Bob and plaintiff's assignor, one Charles B. Toole, entered into an agreement which had as its ultimate purpose the acquisition and development of a certain invention known as an oil-finding machine.   Toole was to render services in connection with the acquisition of the invention and patent rights in connection therewith.   Bob was to finance the development of the patents when acquired.   A corporation was to be formed to take over the invention and such other corporations were to be formed from time to time as the financing of the project rendered advisable. Toole was to receive twelve and one-half per cent of all the stock of the original company and eight per cent of the stock in any of the other companies formed.   The invention was acquired and transferred to a company organized by Bob, and later certain other corporations were formed by Bob.   The complaint alleges that profit resulted from the development and use of this invention, that stock in various operating companies has been acquired representing interests in various oil and gas wells, that Bob has refused to recognize Toole's rights under the agreement and has refused to deliver the stock or account for the profits derived.   These facts clearly establish a fiduciary relation in which Toole's interests in

this venture have been misappropriated and which entitle him to an accounting. To establish this right, it is not necessary that a technical partnership be shown.

In *Marston* v. *Gould* (69 N. Y. 220) there was an agreement to trade in stock of the Erie railroad under an arrangement by which defendant was to finance and bear the losses, if any, and plaintiff was to share in the net profits. The relation was held to be a joint venture in which plaintiff was entitled to an accounting. The court in its opinion at page 224 said: " Whether the parties were strictly partners *inter sese* or as to third persons, is not material. They stood in that mutual and confidential relation to each other, and had that joint interest in the result of the adventure that either could demand an accounting with a view to ascertain the profit or loss, and ascertain their respective rights."

In *New Yorkers Producing Corporation* v. *Moss* (237 App. Div. 567, 569) this court, on similar facts, said: " While the complaint characterizes the agreement as a ' co-partnership and joint adventure,' the use of that nomenclature, in itself, does not give the right to an accounting. The complaint shows that defendants have received all the gross income from the presentation of the production and have made improper deductions therefrom, so that they retain moneys, a share of which belongs to the plaintiff who participated with defendants in the venture. The transaction has been completed. A relationship of trust is apparent in that defendants have in the course of this joint enterprise received and now hold the property, the proceeds of this joint business venture in which plaintiff has an interest. It was received for their joint account and defendants were really custodians of such receipts on behalf of all parties, upon the understanding that they would make proper deductions and then turn over the balance of the fund to plaintiff. There is stated a relationship ' of agency and of a trust reposed, with respect to moneys or other property received ' (*Schantz* v. *Oakman*, 163 N. Y. 148, 157), which is sufficient to sustain a suit for an accounting. ' It is not, of course, essential to the right to an accounting that a legal partnership exist.' (*Schantz* v. *Oakman, supra*, 157.) Under the circumstances disclosed, such a transaction is one fiduciary in nature requiring the utmost good faith between the parties. (*May* v. *Hettrick Brothers Co.*, 181 App. Div. 3, 13; affd., 226 N. Y. 580.) Accordingly, the defendants under the rules governing a fiduciary agent may be compelled to account. (*Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1.) If these defendants have appropriated to themselves amounts representing unauthorized deductions and have failed to

act in good faith in retaining more of the proceeds than they should, they are accountable to plaintiff under the agreement set forth in the complaint."

The relationship established by this contract was not simply that of employer and employee. The plain import of the arrangement was that the plaintiff's assignor should have a definite interest in the profits resulting from the promotion of this venture. In dealing with Toole's interest under this contract, Bob acted as his agent and can be required to account for his transactions in connection therewith. An action at law would be entirely inadequate.

The order and judgment appealed from should be reversed, with costs, and the motion in all respects denied.

MARTIN, P. J., O'MALLEY and GLENNON, JJ., concur; UNTERMYER, J., concurs in result.

Judgment and order unanimously reversed, with costs, and the motion in all respects denied.