G. RICHARD RUBENSTEIN, Appellant, v. PAUL SMALL, Respondent.

First Department, December 22, 1947.

*Sidney Ackerman* of counsel (*Sobel & Ackerman*, attorneys), for appellant.

*Jacob I. Berman* of counsel (*Abraham L. Berman*, attorney), for respondent.

CALLAHAN, J. The complaint in this action for an accounting has been dismissed on the ground that no basis for equitable relief is alleged and the plaintiff has an adequate remedy at law.

It appears that the plaintiff pursuant to a written agreement gave $2,500 to the defendant to be used in the production of a vaudeville show. The defendant undertook to produce the show, furnish office facilities, etc. He was to be paid $300 weekly as a "fixed charge" for such facilities and his services as producer. It was agreed that the defendant would keep separate and accurate books of account in relation to the production and containing complete entries of receipts and disbursements, to which the plaintiff might have access and the right of inspection. The defendant also agreed to furnish a detailed statement of production costs and weekly statements showing receipts and expenditures. The plaintiff's $2,500 was to be returned out of "unused loans, advances and the excess of gross receipts over production costs and operating expenses", and not otherwise. By way of remuneration the plaintiff was to receive 10% of the net receipts from the production as defined in the contract "In consideration of your loan and in lieu of any interest thereon". It was further stipulated in the contract that the relationship between the parties was not that of partners, joint venturers, or principal and agent.

There are certain provisions of the agreement indicating that the parties contemplated the possibility of others advancing funds to the defendant in a similar manner and under the same arrangement and that the defendant himself might make advances of money to the enterprise.

The complaint alleges that the plaintiff has demanded an accounting, that the defendant has refused to grant such or furnish access to the books of account, and that the defendant has failed to pay to the plaintiff any part of the sum of $2,500 advanced by him or any portion of·the net receipts derived from the production.

The court is not bound by the disclaimer of partnership, joint venture or agency between the parties in determining their true relationship (*Martin* v. *Peyton,* 246 N. Y. 213, 218). .It is likewise free to go behind the characterization in the agreement describing the plaintiff's advances as a loan to find that something other than a debtor-creditor relationship exists. " The transaction must be judged by its real character, rather than by the form and color which the parties have seen fit to give it " (*Quackenbos* v. *Sayer,* 62 N. Y. 344, 346). For a true loan it is essential to provide for repayment absolutely and at all events or that the principal in some way be secured as distinguished from being put in hazard (*Bank of United States* v. *Owens,* 2 Pet. [U. S.] 527; *Hall* v. *Eagle Insurance Co.,* 151 App. Div. 815, 827, affd. 211 N. Y. 507). Obviously that is not the situation in this case where the plaintiff runs the risk of losing all that he has advanced to the defendant for the theatrical venture.

In our opinion the present agreement imports a relationship of trust and confidence between the parties. We consider that the defendant was entrusted with the plaintiff's money under circumstances manifesting a fiduciary relationship with respect to its use and imposing on the defendant the burden or duty to render an account of his dealings with the funds (*Schantz* v. *Oakman,* 163 N. Y. 148, 156–157; *Marvin* v. *Brooks,* 94 N. Y. 71; *Silverman* v. *Bob,* 253 App. Div. 303; *New Yorkers Producing Corporation* v. *Moss,* 237 App. Div. 567). In any event the defendant was handling the money of another whether he be regarded as trustee or agent, and an accounting is a proper remedy (*Tyndall* v. *Pinelawn Cemetery,* 198 N. Y. 217, 220). The existence of a technical trust is not necessary for equity to take jurisdiction. It is enough to find a relation of agency or confidence and that the agent has received property of the principal for which he refuses to account (*Talmudic Literature Publishers, Inc.,* v. *Lewin,* 226 App. Div. 1).

The cases of *Jasper* v. *Bernstein* (259 App. Div. 638) and *Jacobs* v. *Escoett* (265 App. Div. 111), on which the Special Term relied for dismissal of the complaint in this action, do not involve the advancement of money to a fiduciary or agent for a specific purpose.

The complaint in this case sets forth a cause of action for an accounting and was improperly dismissed on the ground that the plaintiff had an adequate remedy at law. From what has been said it also follows that the separate defenses pleaded in the defendant's answer should be stricken as insufficient in law.

The order entered October 22, 1946, granting the defendant's motion to dismiss the complaint as insufficient in law should be reversed, with $10 costs and disbursements to the appellant and the motion denied, and the order entered October 2, 1946, denying the plaintiff's motion to strike the separate defenses as insufficient in law should be reversed, with $10 costs and disbursements to the appellant and the motion granted.

DORE and VAN VOORHIS, JJ., concur; GLENNON and COHN, JJ., dissent and vote to affirm.

Order entered October 22, 1946, granting defendant's motion to dismiss the complaint as insufficient in law reversed, with $10 costs and disbursements to the appellant and the motion denied. Order entered October 2, 1946, denying plaintiff's motion to strike the separate defenses as insufficient in law reversed, with $10 costs and disbursements to the appellant and the motion granted. Settle orders on notice.