Lawrence H. Cooke, J.
Defendant moves pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint herein on the ground that it does not state facts sufficient to constitute a cause of action.
The gravamen of the complaint is for an accounting. The complaint in an equitable action for an accounting must show: (1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him the burden of accounting; (3) that there is no adequate legal remedy; and (4), in some cases, a demand for an accounting and a refusal (4 Carmody-Wait, New York Practice, p. 275).
*326 As indicated, among other things, the complaint must show that the defendant has been entrusted with property of the plaintiff and, in consequence, to have become bound to reveal his dealings with it (Schantz v. Oakman, 163 N. Y. 148, 157; Fur & Wool Trading Co. v. George I. Fox, Inc., 245 N. Y. 215; Tyndall v. Pinelawn Cemetery, 198 N. Y. 217, 219-220; Hamilton v. Patrolmen’s Benevolent Assn., 276 App. Div. 863; Jacobson v. Freedman & Slater, 275 App. Div. 631, 633; Rubenstein v. Small, 273 App. Div. 102,104; Silverman v. Bob, 253 App. Div. 303, 305; New Yorkers Producing Corp. v. Moss, 237 App. Div. 567, 569; Talmudic Literature Publishers v. Lewin, 226 App. Div. 1, 2; Reinhard v. Reinhard, 56 N. Y. S. 2d 160,161-162; Rush v. Rush, 144 Misc. 489, 491-492; Kenefick v. Co-Operative Bldg. Bank, 62 Misc. 519, 522; 4 Carmody-Wait, New York Practice, p. 277).
The complaint here does not allege that defendant has been entrusted with or come into possession of property of the plaintiff. The following rules are too well recognized to require the citing of authority: that a pleading attacked for insufficiency must be construed liberally and broadly and is entitled to every fair inference and intendment; that, upon such a motion, the court accepts as true the material allegations of fact contained in the complaint and the reasonable inferences that may be drawn therefrom; and that, if in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied. However, it is also the law that ultimate facts and not legal conclusions must be pleaded (Civ. Prac. Act, § 241; Didier v. Macfadden Pubs., 299 N. Y. 49, 53; Kalmanash v. Smith, 291 N. Y. 142, 154; Lifshutz v. Adams, 285 N. Y. 180, 185; Gerdes v. Reynolds, 281 N. Y. 180, 183-185; Swacker v. Moody, 5 A D 2d 836). The allegation in paragraph “ thirty-eighth ” of the complaint that defendant “ did profit personally ” is not an allegation of fact that he has been entrusted with property of the plaintiff.
Motion granted, with leave to plaintiff to serve an amended complaint within 20 days after service of the order to be entered herein with notice of entry.