ABRAHAM J. KAMINSKY, Respondent-Appellant, *v.* ALBERT M. KAHN, Appellant-Respondent.

First Department, May 18, 1965.

*Milton Pollack* of counsel (*Samuel N. Greenspoon* and *Barry H. Singer* with him on the brief), for appellant-respondent.

*Samuel R. Weltz* of counsel (*Sidney O. Raphael* and *Milton B. Franklin* with him on the brief; *Raphael, Searles & Vischi,* attorneys), for respondent-appellant.

EAGER, J. The interlocutory judgment, from which the defendant appeals and from a part of which the plaintiff cross-appeals, adjudges and decrees, *inter alia,* that the defendant is accountable to the plaintiff for his handling and sales of a controlling stock interest in Spear & Company which plaintiff had transferred to the defendant; and the judgment directs an accounting before a Referee.

The defendant, as an appellant, contends, first, that the plaintiff's complaint should have been dismissed in that the right to an accounting was not established. Secondly, the defendant urges that, in any event, the judgment should be modified to strike the several provisions therein which prematurely purport

to determine issues which would be embraced within the subject matter of the accounting.

On October 28, 1957, the plaintiff was the owner of 129,682 shares of the common stock and 13,282-8/15ths shares of the second preferred stock of Spear & Company. Plaintiff's said holdings of common stock constituted 52.285% of the issued and outstanding shares of common stock of the company and he was the president, a director and chairman of the board of directors of the company. The plaintiff, individually, however, was in serious financial difficulty and his common and preferred stock in the company was subject to or about to be subjected to pressing liens or interests of third persons. To extricate himself from his financial difficulties, the plaintiff entered into a written agreement with the defendant whereby he transferred all of his said stock in the company to the defendant as the " sole and absolute owner " subject, however, to the lien in the amount of a certain outstanding loan in favor of Standard Financial Corporation and subject to a certain one-sixth beneficial interest held by Southern Bedding Accessories, Inc. (Southern) in the stock. The stock so transferred to the defendant, subject to the said lien and interest, was for convenience, referred to in the agreement as the " Spear Equity ", and it will be so referred to in this opinion.

The agreement between the parties provided for the satisfaction by the defendant of a substantial judgment held by Southern against the parties, a satisfaction of a judgment held by the defendant against the plaintiff, and a release by defendant of the plaintiff of claims under prior agreements relating to the stock holdings by the parties in Spear & Company. It was therein further provided that the plaintiff " shall have a one-third (⅓) interest in and to all dividends received on the Spear Equity and any proceeds from the sale of any part thereof and any other moneys or other property received by reason of the ownership of the Spear Equity after the payment of:

" (1) The lien of Standard Financial Corporation or any renewal or substitution thereof and to the payment of any interest thereon.

" (2) All sums paid by Kahn [defendant] to Southern under the Southern Agreement, without Kahn charging interest, and any moneys paid by Kahn (and any interest paid thereon) for the purchase of shares of First Preferred Stock or any other securities of Spear & Company and any expenses paid by Kahn (and any interest paid thereon) and which are directly related to the ownership of the Spear Equity."

The agreement also gave the defendant "the right to designate the person or persons in whose name or names the stock representing the Spear Equity shall be registered." It was further provided, "[I]n the event Kahn [defendant] desires at any time to sell or dispose of all or any part * * * of the Spear Equity, Kahn shall first submit written evidence of a bonafide offer to Kaminsky [plaintiff] who shall have the right and option to purchase the shares * * * at the purchase price and upon the terms and conditions set forth in said bonafide offer".

The plaintiff, claiming a breach by defendant of his contractual obligations, had instituted a prior action for an accounting. The complaint in such action was dismissed upon the ground that the contractual provisions, coupled with the allegations of the complaint, did not establish such a relationship between the parties, fiduciary or otherwise, as would entitle the plaintiff to an accounting. In affirming the dismissal of the complaint in the prior action, this court modified the order of Special Term "to permit plaintiff to institute such action at law or in equity as may be appropriate"; and the Court of Appeals affirmed without opinion. (See *Kaminsky* v. *Kahn,* 9 A D 2d 881, affd. 8 N Y 2d 831.)

Thereafter, the plaintiff brought this action; and both Special Term and this court have rejected defendant's attack upon the complaint herein, this court specifically holding that such complaint stated a cause of action for equitable relief. In reaching this conclusion, this court (RABIN, J.) stated, among other things: "we recognize that under the terms of the agreement the plaintiff sold his stock to the defendant and title thereto passed to the latter. However, the defendant did not acquire unfettered control of that stock. He could not do as he pleased with the stock for his holdings were subject to the rights of the plaintiff expressly retained by him under the agreement. The agreement provided that the plaintiff was to have a first option to repurchase the stock; he was to receive one third of the dividends thereon and, in the event of a sale thereof to a third party, he was entitled to one third of the sales price over and above the moneys advanced by the defendant. It is the protection of these rights that entitles the plaintiff to equitable relief." (*Kaminsky* v. *Kahn,* 13 A D 2d 143, 145.)

This court further held that "[t]he relief to which the plaintiff is ultimately entitled, if any, can be moulded by the court after trial." (*Ibid,* p. 146.)

Now, following the trial, the right of the plaintiff to judgment is not to be foreclosed upon the narrow ground, urged by the defendant, that the agreement between the parties did not create a fiduciary relationship and that, therefore, the plaintiff is not entitled to an accounting. The question instead is, did the plaintiff, on the basis of the allegations of his pleadings, establish a right to any relief at the hands of the court, and, if so, were the directions for an accounting and the other provisions of the judgment proper.

At this stage of the action, it is immaterial that the relief eventually to be accorded to the plaintiff by a final judgment herein may be limited to a monetary recovery. The Supreme Court in this State is a court of general original jurisdiction in law and equity (see N. Y. Const., art. VI, § 7, subd. a.) and, in conformity with its all inclusive powers, the court is authorized in any action to render such judgment as is appropriate to the proofs received in conformity with the allegations of the pleadings, irrespective of the nature of the relief demanded, subject, of course, in a proper case, to the imposition of such terms as may be necessary to protect the rights of any party. (See CPLR 3017, subd. [a].) The court, within the framework of the pleadings in any case, may draw upon its broad reservoir of powers established by law or formulated under the principles of equity, and utilize any of them to afford complete relief to a party. (Cf. *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285, 294.)

A plaintiff may properly be limited to a recovery based upon the transactions, occurrences, or series of transactions or occurrences set out in his complaint (see CPLR 3013), but, if he establishes a right to money damages on the basis thereof, his complaint should not be dismissed merely because it was framed to support a cause of action for equitable type relief. The present day trend, under CPLR, is to give total effect to the statutory abolishment of " the distinctions between actions at law and suits in equity, and the forms of such actions and suits " (CPLR 103, subd. [a]), and it would be a reproach to the efficiency of our courts if, under such circumstances, the court were to dismiss a complaint and remit the plaintiff to the necessity of bringing a new action at law. (See *Lane* v. *Mercury Record Corp.*, 21 A D 2d 602, VALENTE, J.) The court has power to render whatever judgment is appropriate under the plaintiff's allegations and the proofs " so long as its jurisdiction was properly couched in the first instance and it is retained." (*April Prods.* v. *G. Schirmer, Inc.*, 284 App. Div. 639, 643, BREITEL, J., revd. on other grounds 308 N. Y. 366. See, also,

*Jamaica Sav. Bank* v. *M. S. Investing Co.*, 274 N. Y. 215, 220.) Therefore, with due regard to the defendant's right to a jury trial, unless waived, and upon such terms and proceedings as may be proper, the court, following a trial of an action wherein plaintiff has demanded equitable relief, may award the plaintiff a recovery of money damages where, as here, such a recovery is supported by the plaintiff's allegations and proofs. (See *I. H. P. Corp.* v. *210 Cent. Park South Corp.*, 16 A D 2d 461, 464, affd. 12 N Y 2d 329; *Lane* v. *Mercury Records Corp.*, *supra*; *April Prods.* v. *G. Schirmer, Inc.*, *supra*, pp. 643, 644.) And, in a proper case, an accounting may be directed for the purpose of fixing the amount of such damages.

Additionally, here, the plaintiff, on the basis of the allegations of his complaint, did establish a case entitling him to invoke the equitable powers of the court. The court clearly has the power and should render such relief as is appropriate to the wrongs of the defendant. '' The power of equity is as broad as equity and justice require ''. (*London* v. *Joslovitz,* 279 App. Div. 280, 282.) '' It is a familiar principle that a court of equity having obtained jurisdiction of the parties and the subject matter of the action will adapt its relief to the exigencies of the case ''. (*Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507, 515.) The court '' may properly shape its decree in accordance with the equities of the case ''. (*Weil* v. *Atlantic Beach Holding Corp.,* 1 N Y 2d 20, 29. See, further, *I. H. P. Corp.* v. *210 Cent. Park South Corp.*, *supra*, p. 465; *Farr* v. *Newman,* 18 A D 2d 54, 61.) The court '' may order a sum of money to be paid to the plaintiff or give him a personal judgment therefor, when that species of relief is necessary to prevent a failure of justice, or where, for any reason, it is impracticable to grant '' specific equitable relief. (*Hubbell* v. *Henrickson,* 175 N. Y. 175, 180; *Underwood* v. *Krotman,* 88 N. Y. S. 2d 412, 415 [BELDOCK, J.].)

In determining whether or not the plaintiff has established a case justifying the exercise by the court of its equitable powers, including a direction for an accounting by the defendant, it is not controlling that the breaches by the defendant of provisions of an agreement with plaintiff might afford plaintiff the remedy of an action at law to recover damages. The plaintiff's right to equitable relief is to be viewed in light of the true character and over-all effect of the transaction between the parties (see *Quackenbos* v. *Sayer,* 62 N. Y. 344, 346; *Rubenstein* v. *Small,* 273 App. Div. 102, 105), and in light of the nature, quality and effect of the defendant's wrongful acts in derogation of the plaintiff's rights. So viewed, there is precedent and well-established general doctrine to support the conclusion that the plain-

tiff did establish a right to a decree directing an accounting by the defendant.

The defendant expressly took ownership of the Spear Equity stock, acquired from plaintiff, subject to the plaintiff's first refusal option on any sale of the stock by defendant. Also, as aforesaid, the plaintiff retained a beneficial interest in the stock to the extent of being entitled to receive " a one-third (⅓) interest in and to all dividends received on the Spear Equity and any proceeds from the sale of any part thereof and any other moneys or other property received by reason of the ownership of the Spear Equity after the payment of " certain specified liens and charges. These rights of plaintiff with reference to particular stock constituted such an interest therein which, under the circumstances, would be recognized, protected and enforced in a court of equity. " The recognition, protection and enforcement of equitable titles or interests furnish an independent ground of equity jurisdiction ". (30 C. J. S., Equity, *supra*, § 60, p. 401, and cases cited. See, also, *Rosenwald* v. *Weber*, 229 App. Div. 702; *Wilson* v. *Tailer*, 7 App. Div. 232.) Surely, this is a case where a court, sitting in equity, is entitled to assume jurisdiction for the protection and enforcement of plaintiff's rights.

As found by the trial court, with proper support in the record, the defendant, in violation of the plaintiff's rights, has sold a substantial quantity of the Spear Equity stock without proper notice to the plaintiff and without giving him the opportunity to exercise his option to repurchase said shares. It appears that the defendant has repudiated the plaintiff's option to purchase certain of the shares of such stock, stating that he would do as he pleased with the same. Furthermore, the trial court has found that, by virtue of the sales by the defendant of Spear Equity stock, he has received in the aggregate a sum substantially in excess of the specified liens and charges against the stock. Although the plaintiff is entitled to one third of the profits received over and above such liens and charges, the defendant has retained the same and has refused to account therefor to the plaintiff.

It is generally held that " [e]quity has jurisdiction to compel an accounting whenever one party has profits in which another is entitled to share regardless of the relationship between the parties at the time the profits were earned * * * if the remedy at law is inadequate." (1 C. J. S., Accounting, § 24, pp. 658–659, and cases cited.) Clearly, under the special circumstances here, where the defendant has wrongfully pocketed and has refused to disclose the profits on the sale of Spear

Equity stock, the equitable powers of the court are properly exercised to compel the defendant to account for the moneys which he has received for plaintiff's benefit. (See, further, *Rosenwald* v. *Weber, supra*; *Wilson* v. *Tailer, supra*; *Marston* v. *Gould*, 69 N. Y. 220, 225; *New Yorkers Producing Corp.* v. *Moss*, 237 App. Div. 567.)

A basis for equitable relief also rests upon proof of such acts and conduct on the part of the defendant as amount to a violation of his obligation to handle and deal with the Spear Equity stock and the affairs of Spear & Company fairly and with due regard to the rights of the plaintiff. Bad faith and unconscionable conduct on his part furnish grounds for equitable relief where, as here, such relief is required in the interests of justice and to afford the plaintiff an adequate remedy. (See 20 N. Y. Jur., Equity, §§ 67, 68, 70, 71, and cases cited.)

By virtue of the transactions between the parties, the Spear Equity stock was vested in the defendant with full indicia of ownership and, moreover, the defendant was thereby placed in a position by which he could gain and keep full control of the management of Spear & Company. Under the circumstances, plaintiff's realization of any return from the Spear Equity stock conveyed to defendant unquestionably depended, in whole or in part, upon defendant's exercise of good faith with due regard to plaintiff's rights. In equity and good conscience, the defendant should be bound to the requirements of common honesty and fair dealing in his transactions concerning the Spear Equity stock and in the affairs of Spear & Company; and he should be directly answerable to plaintiff for self-interest dealings resulting in an unconscionable profit at the expense of plaintiff.

Particularly, having assumed responsibility for the affairs of the company by procuring the election of himself and certain designees as directors of the company and by taking over himself as president and chairman of the board of directors, the defendant was bound, as majority stockholder and officer, to act in good faith in the management of its affairs. (See 13 Fletcher, Corporations, §§ 5801, 5811.) The duty of defendant to exercise good faith extends to minority stockholders and others interested in the affairs of the corporation. The obligation of the controlling stockholder and officer, fiduciary in nature, is said to be '' designed for the protection of the entire community of interests in the corporation ''. (*Pepper* v. *Litton*, 308 U. S. 295, 307.) It appears, however, that in the purchase of the assets of Acme Hamilton Manufacturing Corp., in which the defendant owned 88% of the capital stock, he voted the Spear Equity stock and used his control of Spear & Company in a manner to gain

substantial personal profits. Irrespective of the possible advantages obtained by Spear & Company as a result of the transaction, this was an instance of self-dealing, imposing upon defendant the burden of establishing good faith, and furnishes ground for equity jurisdiction. (See *Pepper* v. *Litton, supra*; *Farmers' Loan & Trust Co.* v. *New York & Northern Ry. Co.*, 150 N. Y. 410; *Sage* v. *Culver*, 147 N. Y. 241, 247; *Ripley* v. *International Rys. of Cent. America*, 276 App. Div. 1006; *Jackson* v. *Mullen*, 274 App. Div. 900; *Von Au* v. *Magenheimer*, 126 App. Div. 257, 267.)

"One function of a court of equity is to administer justice among people in the realms of business wherever it finds that the wrongful act of one party has frustrated important rights admittedly belonging to the other party to a contract, as a result of which wrongful act the first party gains, and his victim loses, money or property." (20 N. Y. Jur., Equity, § 55, p. 79.) This sums up the situation here. The sale and transfer by the defendant of Spear Equity stock to personal friends, business associates and others, without giving the plaintiff the opportunity to avail himself of his first option to repurchase the shares; the defendant's failure to account and pay over to plaintiff the profits received on the sale of and dealings with the Spear Equity stock; and the defendant's self-dealing with the stock and in the management of Spear & Company to acquire the assets of Acme Hamilton Manufacturing Corp. in which he was the controlling stockholder; all these constitute wrongful acts which have frustrated the plaintiff's valuable rights under his contract with the defendant. The defendant has personally profited and the plaintiff has sustained substantial damage as a result of these wrongful acts. This establishes a basis for the exercise by the court of its equitable powers; and, also, the alleged defense of an adequate remedy at law is not available because not duly pleaded. (See 4 Carmody-Wait, New York Practice, p. 399.)

Concluding as we do that the plaintiff was entitled to recover on the basis of his pleading and the proofs, the direction that the defendant account was proper. If, in order to afford a plaintiff complete relief in this type of action and to properly assess the money damages payable by a defendant, it appears necessary or appropriate that the defendant should account for his dealings with respect to a particular fund or property, the court is empowered to enter an interlocutory judgment accordingly. The direction of an accounting is a well-recognized form of equitable relief.

Where, however, a plaintiff's right to an accounting is contested, the issues in regard thereto must be first litigated and decided. Then, if it is determined that the defendant should account, the usual practice is to enter an interlocutory judgment providing for an accounting. Such judgment should fix the basis upon which the accounting is directed, including a determination of the rights, interests and obligations of the parties with respect to the fund or property to be accounted for. The judgment should establish the scope and the guidelines for the accounting but other matters are generally reserved for future determination. The items of the account and the issues relating to defendant's transactions concerning the subject fund or property, insofar as they bear upon the measure of defendant's ultimate monetary liability, are subject to litigation on the accounting; and such issues are usually settled on or following the accounting.

The interlocutory judgment may lay down the procedural steps to be followed on the accounting. In a proper case, it may direct that the accounting be conducted before a Referee, but, where, as here, the court, upon the consideration of the preliminary issues, has heard and received the allegations and substantial evidence relevant also on the extent of the defendant's ultimate monetary liability, the court, with appropriate directions, should ordinarily proceed without a reference to take the accounting. (Cf. *Espach* v. *Nassau & Suffolk Light. Co.*, 177 Misc. 521, 526.)

Here, in accordance with the usual practice, the Trial Judge, in the early stages of the trial, announced that he was merely trying the issue of plaintiff's right to an accounting. Since the plaintiff's cause of action, including his right to an accounting, depended upon proof of the defendant's alleged wrongful acts and dealings, the trial court properly heard and considered the allegations and evidence with reference to defendant's alleged wrongful dealings with Spear Equity stock, including the purchase by Spear & Company of the assets of Acme Hamilton Manufacturing Corporation, with their attendant effects. The parties, however, had the right to assume that, at that stage of the proceedings, the court was not receiving their proofs for the purpose of settling the account; and that, in the event the court determined that the plaintiff was entitled to an accounting, it would render an interlocutory judgment affording the opportunity to the parties to be further heard with reference to the issues relevant to the accounting itself.

The defendant, on the basis of the record and on the motion for reconsideration following the filing by the court of its decision, contended, and we believe properly so, that he assumed that the " sole issue tried was the right to an accounting—not the quantum of defendant's accountability, if any." (See *Langford* v. *Fessenden,* 208 App. Div. 315; *Kahn* v. *Cahn,* 13 A D 2d 918.) But, as noted by the defendant, the decision of the trial court does include findings and conclusions which purport to resolve the issues relating solely to the extent of defendant's liability in dollars and cents as a result of his acts and dealings with the Spear Equity stock. To this extent, those findings and conclusions of the trial court, and certain of the decretal paragraphs of the judgment, are improper and should be vacated.

Upon completion of the accounting herein ordered and with due consideration by the court of the further proofs adduced in connection therewith, it will be the court's prerogative to make new findings and conclusions with relation to the issues arising upon the accounting; it would be premature for this court to prejudge such issues. We desire to point out, however, that, particularly the following matters, among others, should receive additional consideration, in light of the further proofs relating thereto, if any, to wit:

(1) The credit, if any, that the defendant is entitled to receive on account of the purchase by him of first preferred stock of Spear & Company, and interest on the cost of such purchase, if any. Since the evidence indicates that the defendant on the sale of the first preferred stock, or a portion thereof, has recovered his cost or a portion thereof, the question arises as to whether or not the defendant is also entitled to receive any credit therefor on the accounting. Having recouped such cost in its entirety or being in a position to do so, it is noted that the defendant did take the position prior to the trial and upon the trial that the plaintiff had no concern with the first preferred stock, without then claiming that he was entitled to the credit. The matter should be further explored.

(2) The evidence is not entirely satisfactory to support a recovery by plaintiff of one third of any profits the defendant may have individually made in the purchase by Spear & Company of the assets of the Acme Hamilton Manufacturing Corporation, or to fix defendant's liability, if any, to plaintiff with respect thereto. It should be noted that the evidence and findings by the trial court tend to support the defendant's contention that the transaction was arranged and consummated as to the details in good faith and in the best interests of Spear

& Company. Of course, defendant's liability, if any, to Spear & Company for self-dealing profits made at its expense, is not necessarily to be transmuted into a direct liability to the plaintiff, who is merely an owner of a beneficial interest in dividends and profits, if any, and not even a minority stockholder. (See 13 Fletcher, *supra,* § 5924; 19 C. J. S., Corporation, §§ 821, 822; *City Bank Farmers Trust Co.* v. *Hewitt Realty Co.,* 257 N. Y. 62, 68.) It would seem that defendant's liability to plaintiff would depend upon whether or not he acted fraudulently or in bad faith in any particular and that, in such case, his liability may be limited to the extent that his acts directly affected the value of the Spear Equity stock still in his hands.

(3) The extent to which the defendant is chargeable for sales of Spear & Company common stock as constituting sales of stock comprising the Spear Equity, and the matter of the price or value with which defendant is chargeable in the case of Spear Equity stock, are particularly matters to be settled on the accounting. The court, when valuing the stock, must bear in mind that, since there are but a limited number of shares registered and available for trading on the American Stock Exchange, the quoted market prices are not the sale criterion for determination of the market value of large blocks of the stock. (See *Clearly* v. *Higley,* 154 Misc. 158, 166–167, affd. 246 App. Div. 698, mot. for lv. to app. den. 270 N. Y. 673.)

The following findings and conclusions contained in the trial court's decision, are vacated and deleted in their entirety as premature, to wit: Findings of fact Nos. 66, 78, 79, 96, 99, 103, 104, 105, 112, 113, 114, 115, 116, 127; Finding of fact, No. 117, is stricken from point of reference to " (plaintiff's Exhibit No. 7) " to end of finding; Finding of fact, No. 187, is modified to strike phrase from semi-colon to end; Conclusions of Law, " Fourth ", " Seventh " to " Twelfth " inclusive, " Nineteenth " and " Twentieth " are stricken.

Furthermore, we do not at this time approve any of the other findings and conclusions of the trial court insofar as they purport to finally determine issues relating to the extent of the defendant's ultimate liability by reason of transactions which are to be the subject of the accounting. The trial court, following this accounting, shall have the power to reject or modify the same in accordance with the further proofs received.

The appointment of a Referee to hear and report in the matter of the accounting should be vacated. Because the trial court had already received and considered much testimony and proofs which bear upon the issues which would

be presented on the accounting (and we note particularly that in this difficult and complicated case he did a very thorough and creditable job in analyzing and marshalling the evidence), the court itself should have proceeded to take and state the account. The reference will result in an unnecessary duplication of testimony and proofs and an undue delay in the ultimate disposition of this litigation. Furthermore, the Referee would be acting at a disadvantage in the exercise of his independent judgment in reporting upon accounting issues where, as here, certain of the ultimate facts pertinent to such issues have been prematurely passed upon and settled by the court.

The judgment should be modified, on the law and the facts, without costs or disbursements, to strike out decretal paragraphs numbered IV, VI to XV, inclusive, and in lieu thereof to provide that the defendant shall account to the plaintiff with respect to the handling of and dealings in and all transactions concerning .the Spear Equity stock from October 28, 1957 to date; and to provide that he shall account to the plaintiff for all his acts and transactions in the matter of voting of the Spear Equity stock to carry out and consummate the acquisition by Spear & Company of the assets of Acme Hamilton Manufacturing Corporation, including the details of such acquisition and the personal profits accruing to the defendant in connection therewith; provided, however, that the extent of defendant's liability to the plaintiff with respect to all of the matters to be accounted for shall be determined on and following the accounting. The judgment should be further modified to remand and set down the matter on June 7, 1965, at Trial Term, Part VI, of the Supreme Court, New York County, presided over by Mr. Justice MATTHEW M. LEVY, who shall proceeed forthwith with the accounting, under such directions by him as may be proper and advisable to the end that, on completion of the accounting, a proper decision and final judgment may be entered without undue delay.

BOTEIN, P. J., VALENTE, McNALLY and STEVENS, JJ., concur.

Judgment unanimously modified, on the law and on the facts, without costs or disbursements, to strike out decretal paragraphs numbered IV, VI to XV, inclusive, and in lieu thereof to provide that the defendant shall account to the plaintiff with respect to the handling of and dealings in and all transactions concerning the Spear Equity stock from October 28, 1957 to date; and to provide that he shall account to the plaintiff for all his acts and transactions in the matter of voting of the Spear Equity stock to carry out and consummate the acquisition by

Spear & Company of the assets of Acme Hamilton Manufacturing Corporation, including the details of such acquisition and the personal profits accruing to the defendant in connection therewith; provided, however, that the extent of defendant's liability to the plaintiff with respect to all of the matters to be accounted for shall be determined on and following the accounting. The judgment is further modified to remand and set down the matter on June 7, 1965, at Trial Term, Part VI, of the Supreme Court, New York County, presided over by Mr. Justice MATTHEW M. LEVY, who shall proceed forthwith with the accounting, under such directions by him as may be proper and advisable to the end that, on completion of the accounting, a proper decision and final judgment may be entered without undue delay. Settle order on notice.