Mary Coon, Appellant, v New York State Police, Respondent.—Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court, Steuben County, for further proceedings, in accordance with the following memorandum: In this CPLR article 78 proceeding petitioner sought an order requiring respondent to return her

automobile, which respondent seized on August 3, 1989. The automobile, a 1984 Toyota Celica, was in the possession of another person at the time of the seizure. The possessor was arrested and charged with the criminal sale and criminal possession of a controlled substance.

In support of its contention that the State court lacked jurisdiction over petitioner's automobile, respondent tendered a copy of a letter to the New York State Police from the resident agent in charge, Rochester office of the Drug Enforcement Administration (DEA), stating that "[t]he vehicle was adopted for seizure by D.E.A on August 4, 1989, pursuant to Title 21, USC 881". Petitioner's counsel submitted a reply affidavit to respondent's answer in which he described his efforts to locate and to secure the return of petitioner's automobile. Counsel controverted respondent's assertion that a DEA adoption of the State Police seizure had been accomplished. He averred that no DEA seizure or forfeiture proceedings had been initiated prior to petitioner's commencement of her article 78 proceeding seeking return of her automobile. Supreme Court concluded, after an examination of the affidavits submitted in support and in opposition to the petition, that the DEA seizure of petitioner's automobile had been accomplished pursuant to the provisions of 21 USC § 881 and that it lacked jurisdiction "over the property or the ultimate jurisdiction thereof". In our view, this was error. The affidavit of petitioner's counsel raised triable issues of fact regarding whether the DEA's purported adoption of the seizure by the State Police of petitioner's automobile was in fact accomplished in accordance with the requirements of 21 USC § 881 and whether the purported adoption was effected prior to the commencement of this CPLR article 78 proceeding (see, United States v One 1985 Cadillac Seville, 866 F2d 1142, 1145; United States v Alston, 717 F Supp 378). The determination of those questions of fact can be made only after a hearing (see, CPLR 7804 [h]). (Appeal from judgment of Supreme Court, Steuben County, Purple, J.—art 78.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.