■ In the Matter of REGINALD BRUNO, Appellant, v COUNTY OF MONROE et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Petitioner brought this CPLR article 78 proceeding to challenge respondent Sheriff's failure to return $18,350 seized from petitioner following a search of his person at the Rochester airport. Petitioner contends that the seizure and refusal to return the money were illegal, arbitrary and capricious. In dismissing the petition, the court held that, irrespective of the reasonableness of the seizure, the Sheriff did not act illegally or unreasonably in refusing to return the money because the seizure had been adopted by the Federal Drug Enforcement Administration (DEA), thus effectively removing the seized funds from the Sheriff's control, and because the Sheriff had a rational basis for believing that the money was subject to Federal forfeiture as a result of its connection to a drug transaction.

We agree with the court that the legality of the seizure is irrelevant to this case. The validity of a forfeiture is not dependent upon there having been a valid seizure *(United States v Eighty-Eight Thousand, Five Hundred Dollars,* 671 F2d 293, 297-298). Thus, the narrow issue before us concerns the legality and reasonableness of the Sheriff's refusal to return the money to petitioner pending the commencement of a Federal forfeiture proceeding. The applicable Federal legislation and implementing regulations authorize the Sheriff to seize property anticipatory to Federal forfeiture, subject only to the adoption of that seizure by an authorized Federal agent (21 USC § 881 [e] [1] [A]; 21 CFR 1316.71 [c]; 1316.72). Where a DEA agent adopts a local officer's seizure, constructive custody of the property is vested in a designated "custodian", here the DEA "Special Agent-in-Charge" (21 CFR 1316.71 [b], [e]; 1316.73), subject only to the orders and decrees of the court or

official having jurisdiction thereof (21 USC § 881 [c]). Thus, the conclusion is inescapable that, at the time the petition was filed, the money was no longer under the control of the Sheriff but rather in the constructive custody of the DEA. Thus, the Sheriff's refusal to return the money was compelled by law and, a fortiori, reasonable.

This case is to be distinguished from our recent decision in *Coon v New York State Police* (162 AD2d 1018), in which we found that there were factual issues requiring a hearing to determine whether State court or Federal court had in rem jurisdiction. Here, we were presented with only the narrow issue of the reasonableness of the Sheriff's refusal to turn over the property. (Appeal from judgment of Supreme Court, Monroe County, Rose, J.—art 78.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.