■ CITY OF NEW YORK, Respondent, v AMBROSINO CONSTRUCTION CORP. et al., Appellants. [602 NYS2d 612] —Order and judgment (one paper) of the Supreme Court, New York County (Leland DeGrasse, J.), entered September 30, 1992, which, *inter alia,* granted the City's motion for summary judgment in the amount of $75,000 and allowing it to execute on an indemnity bond in the same amount, unanimously affirmed, without costs.

In this forfeiture action brought pursuant to Administrative Code of the City of New York § 16-119 (e) (2) (i), based upon defendant's adjudication of guilt on charges of illegal dumping on 3 occasions within an 18 month period, the IAS Court properly awarded the City the proceeds of a $75,000 bond. The defendant construction company posted the bond in May 1988, as part of a stipulation and consent order to obtain the release of the Caterpillar track loader which had been the original focus of the forfeiture request. After defendant had enjoyed the use of that Caterpillar vehicle for over 4 years, the IAS Court granted the City summary relief on the forfeiture request. Although the City's pleadings and moving papers specifically requested only the forfeiture of the Caterpillar vehicle, the court was not jurisdictionally barred from directing execution on the bond (CPLR 3017 [a]; *see, State of New York v Barone,* 74 NY2d 332, 336, citing, *inter alia, Kaminsky v Kahn,* 23 AD2d 231, 237). Contrary to defendant's contention, we find no basis to conclude that the subject Caterpillar track loader is not a "vehicle" subject to forfeiture under Administrative Code § 16-119. While Vehicle and Traffic Law

§ 125 defines the Caterpillar crawler as a "non-vehicle" for purposes of vehicle registration and drivers' licenses, no such definition was incorporated into the Administrative Code, even though other definitions used in the Vehicle and Traffic Law were specifically incorporated by legislators into section 16-119. The clear inference is that the drafters so stated when they wished to adopt a Vehicle and Traffic Law definition, and that they declined to adopt such a definition with respect to the term "vehicle".

Nor is the City's right to forfeiture adversely affected by the alleged illegal seizure of the vehicle since evidence obtained independently of any possibly illegal seizure, namely the affidavits of the Sanitation Department police officers who observed the illegal dumping with the use of the Caterpillar vehicle, supports the forfeiture *(United States v $37,780 in United States Currency,* 920 F2d 159, 163 [2d Cir 1990]; *see, Matter of Bruno v County of Monroe,* 167 AD2d 872, *appeal dismissed* 77 NY2d 872).

Defendant's constitutional argument that the forfeiture is excessive within the meaning of the Eighth Amendment is raised for the first time on appeal. *(see, Matter of Chiquita J.,* 170 AD2d 353, *lv denied* 78 NY2d 852.) Concur—Murphy, P. J., Carro, Ross and Asch, JJ.