(April 25, 2002)

■ Murray Schwartz Enterprises Employee Pension Plan Trust, Appellant, v Four Corners Productions, Inc., Respondent. [741 NYS2d 35] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about December 22, 2000, which granted defendant's motion to dismiss plaintiff's first and second causes of actions, unanimously modified, on the law, so as to reinstate those portions of the first cause of action that seek damages for breach of fiduciary duty with regard to funds plaintiff distributed to defendant and funds received from Roundabout for disbursement to plaintiff, and to reinstate those portions of the second cause of action which seek an accounting with respect to those funds, and as so modified, affirmed, without costs.

Plaintiff Trust's loan of $250,000 to Four Corners Productions, Inc., constituted a portion of the funds Four Corners in turn provided to the Roundabout Theater Company in the fall of 1998, to contribute to the cost of moving its production of "Cabaret" to Studio 54. The loan was made with the understanding that it would be repaid from a portion of the return Four Corners was to receive from Roundabout, derived from the operating profits and anticipated future profits. We conclude that the loan agreement between defendant Four Corners and plaintiff Trust constituted not merely a debtor-creditor relationship, but an entrustment of funds for an investment in a theatrical production, which gave rise to a fiduciary

relationship between the parties as to the funds advanced and as to those funds received by Four Corners from Roundabout for distribution, in part, to the Trust (*see, Rubenstein v Small*, 273 App Div 102).

Four Corners had an obligation to disburse the funds it received from Roundabout pursuant to the terms of the agreement. Thus, to the extent the complaint alleges a breach of a fiduciary duty with respect to the funds the Trust disbursed to Four Corners, or that Four Corners received from Roundabout, that portion of the first cause of action should be reinstated. Likewise, to the extent that the Trust seeks an accounting regarding the manner in which Four Corners disbursed its funds to the Trust, that portion of the second cause of action should also be reinstated.

However, the motion court properly dismissed those portions of the first cause of action alleging that Four Corners breached its fiduciary duty to the Trust by failing to ensure that the operating profits of the play were not improperly reduced by excessive and unreasonable expenses. There was no fiduciary relationship between Roundabout and plaintiff Trust, and consequently, the Trust has no right to an accounting from Roundabout, either directly or indirectly through Four Corners. Four Corners's duty to the Trust does not include any responsibility either to oversee how Roundabout generated and managed its operating profits or to procure an accounting from Roundabout.

Likewise, to the extent that the second cause of action seeks an accounting with respect to Roundabout's business operations, those allegations were properly dismissed. Four Corners had no contractual duty to account to the Trust regarding Roundabout's managing of its operations, or even to compel Roundabout to account. The Trust could have conditioned its investment upon the right to demand that Four Corners seek an accounting from Roundabout, but failed to so provide in the agreement. Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.