Cash4Cases, Inc. v Brunetti (2018 NY Slip Op 08360)





Cash4Cases, Inc. v Brunetti


2018 NY Slip Op 08360


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7826 655131/16

[*1]Cash4Cases, Inc., Plaintiff-Respondent,
v
Arthur Brunetti, Defendant-Appellant.


Law Office of Michael P. Chenel, Albany (Michael P. Chenel of counsel), for appellant.
Law Offices of Raul J. Sloezen, Yonkers (Raul J. Sloezen of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 27, 2017, which granted plaintiff's motion for summary judgment in lieu of complaint, deemed appeal from judgment, same court and Justice, entered August 22, 2017 (see CPLR 5520[c]), and, so considered, said judgment unanimously affirmed, without costs.
Pursuant to an "Agreement for Purchase of Claim," plaintiff, as purchaser of an interest in defendant's pending personal injury litigation, agreed to "advance" to defendant, as seller, $76,930 at a "Compounded Monthly Carrying Charge" of 3.2% and an "Annual Percentage Rate" of 45.93%, in exchange for defendant's agreement that repayment would be made from the proceeds of the personal injury action. The agreement provided that repayment was contingent on defendant's "successful recovery of proceeds" from the action. Pursuant to the agreement, $60,000 of the advance was used to purchase and pay off an advance previously made to defendant by an entity called Fast Trak Legal.
After receiving settlement proceeds, defendant refused to pay plaintiff the amount called for in the agreement. He argues that, given the excessive interest rate, the agreement is usurious and unconscionable. We conclude that the agreement is neither usurious nor unconscionable.
The defense of usury is applicable only where the underlying transaction constitutes a loan (Siedel v 18 E. 17th St. Owners, 79 NY2d 735, 744 [1992]; see General Obligations Law § 5-501[2]). To constitute a loan, the agreement must "provide for repayment absolutely and at all events or that the principal in some way be secured as distinguished from being put in hazard" (Rubenstein v Small, 273 App Div 102, 104 [1st Dept 1947]. Assignment agreements such as the agreement at issue here are not loans, because the repayment of principal is entirely contingent on the success of the underlying lawsuit (see id.; Matter of Lynx Strategies, LLC v Ferreira, 28 Misc 3d 1205[A], 2010 NY Slip Op 51159[U], *2 [Sup Ct, NY County 2010]; Kelly, Grossman & Flanagan, LLP v Quick Cash, Inc., 35 Misc 3d 1205[A], 2012 NY Slip Op 50560[U], *5-6 [Sup Ct, Suffolk County 2012]; Lawsuit Funding, LLC v Lessoff, 2013 NY Slip Op 33066[U], *10-11 [Sup Ct, NY County 2013]).
Defendant failed to demonstrate that the agreement was unconscionable with a showing that he did not have a meaningful choice in entering into the agreement and that the terms of the agreement were unreasonably favorable to plaintiff (see Warburg, Pincus Equity Partners, L.P. v Keane, 22 AD3d 321, 322 [1st Dept 2005], lv denied 6 NY3d 707 [2006]). It is undisputed that defendant sought a cash advance from plaintiff, was represented by counsel, and acknowledged the terms of the agreement, which showed the impact of the interest rate in six-month increments, by initialing every page. Moreover, defendant received funds with no guaranteed obligation to repay, except from the proceeds, if any, recovered in his personal injury action. Although the interest rate was high, given the contingent nature of the transaction, the agreement was not overly unfavorable to defendant (see e.g. Lawsuit Funding, LLC, 2013 NY Slip Op 33066[U] at *14-15).
Contrary to defendant's argument, there are no issues of fact as to the amount that [*2]plaintiff overpaid to Fast Trak. Based on the clear terms of the Fast Trak agreement, the court correctly found that the overpayment was only $100, not $5,600, as defendant claimed, and adjusted the amount awarded to plaintiff accordingly. This insubstantial discrepancy does not render the agreement void based on mutual mistake (see Jerome M. Eisenberg, Inc. v Hall, 147 AD3d 602 [1st Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK