■ In the Matter of MAURICE BAER, Appellant, v DAVID LIPSON, Respondent. [599 NYS2d 618] —In a summary nonpayment proceeding, the landlord appeals, by permission, and as limited by his brief, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated March 15, 1991, as (1) reversed an order of the City Court of New Rochelle, Westchester County (Rudolph, J.), dated June 29, 1989, holding, after a hearing, that the respondent had been properly served, and (2) dismissed the proceeding.

Ordered that the order dated March 15, 1991, is reversed insofar as appealed from, on the law, with costs, and the order dated June 29, 1989, is reinstated and affirmed.

The Appellate Term erred in dismissing the appellant landlord's proceeding on the ground that service was deficient and personal jurisdiction was not properly obtained over the respondent tenant. After a judgment was entered against the tenant upon his default in answering, and a warrant of eviction executed, the tenant's attorney moved to vacate the judgment but failed to assert the defense of lack of personal jurisdiction. Thus, the tenant waived the jurisdictional claim by voluntarily appearing in the action through his agent (see, Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 148).

In any event, the landlord presented prima facie evidence of proper service. The affidavit of service indicates the date and time of the service of the notice of petition, a description of the door to which it was conspicuously affixed, and an assertion that, on the same date, a copy of the petition was mailed to the tenant's residence by registered-certified mail and by regular first class mail. The tenant did not rebut this proof by any affidavit or statement based upon personal knowledge. Accordingly, personal jurisdiction over the tenant was established (see, Genway Corp. v Elgut, 177 AD2d 467; Frankel v Schilling, 149 AD2d 657; Del Priore v Furnival Mach. Co., 124 AD2d 695; Bidetti v Salter, 108 AD2d 890). Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.