■ AMERICAN HOME ASSURANCE COMPANY, Respondent, v DIL M. CHOUDARY et al., Respondents, and STATE FARM INSURANCE COMPANY, Appellant. [679 NYS2d 840] —In an action for a judgment declaring, *inter alia,* that the defendant State Farm Insurance Company is obligated to defend and indemnify the defendants Kenny Hernandez and Francis Castillo in personal injury actions relating to an automobile accident which occurred on August 22, 1994, State Farm Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 6, 1997, as granted that branch of the plaintiff's motion which was for the entry of a judgment against it based upon its failure to appear or timely answer the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff-respondent, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant State Farm Insurance Company is obligated to defend and indemnify the defendants Kenny Hernandez and Francis Castillo in personal injury actions relating to an automobile accident which occurred on August 22, 1994.

The Supreme Court correctly determined that the properly-executed affidavit of service raised a presumption of proper service, and that the conclusory claim made by the appellant's counsel failed to raise any issue of fact sufficient to rebut the presumption (*see,* CPLR 317; *Citibank v Schimkus,* 231 AD2d 486; *Matter of Baer v Lipson,* 194 AD2d 787). In the absence of a reasonable excuse for the appellant's failure to timely serve an answer, the court did not improvidently exercise its discretion in granting the plaintiff's motion for a judgment against the appellant upon its default in appearing in the action (*see,* CPLR 5015; *Hugyecz v 99 Commercial St.,* 222 AD2d 405).

We decline to reach the appellant's remaining contentions as they are raised for the first time on appeal (*see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693).

We note that since this is a declaratory judgment action, the Supreme Court should enter an appropriate declaration against the appellant (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.