■ DUNE DECK OWNERS CORP., Respondent, v JJ & P ASSOCIATES CORP. et al., Appellants. [899 NYS2d 262]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated June 17, 2008, as, after a nonjury trial, directed them to pay the sum of $119,054.86 to the plaintiff, awarded possession of the subject premises to the plaintiff, canceled their 889 shares of stock in the plaintiff and directed them to pay an attorney's fee in the sum of $35,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an order dated April 15, 2005, the Supreme Court, Suffolk County (Emerson, J.), granted the plaintiff's motion for summary judgment on the complaint and to dismiss the defendants' counterclaims and affirmative defenses, including the affirmative defense that the plaintiff was not entitled to recover because it had denied the defendants possession of the subject real property. On appeal, this Court modified that order by denying those branches of the plaintiff's motion which were for summary judgment on the causes of action seeking to award possession of the subject real property to the plaintiff and to deem the corporate shares canceled based on the termination of the lease, because the plaintiff had failed to submit documentary evidence establishing its compliance with the provision in the proprietary lease requiring that notice be in writing and sent via certified or registered mail, return receipt requested (*see Dune Deck Owners Corp. v Liggett*, 34 AD3d 523, 524 [2006]). However, this Court otherwise affirmed the order, including the provision granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses. On this appeal, the defendants again raise the issue of whether they were denied possession of the subject property. Since this issue was previously raised and decided, it is law of the case (*see J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809 [2007]).

Contrary to the defendants' contention, the evidence submitted by the plaintiff at trial was sufficient to establish its compliance with the provision in the proprietary lease requiring that notice be in writing and sent via registered or certified mail,

return receipt requested. "Generally, 'proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee' " (*New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547 [2006], quoting *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]). Here, the plaintiff established proof of actual mailing through the testimony of its vice-president, who personally addressed and mailed the required notices to the defendants via certified mail, return receipt requested (*cf. New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d at 547-548; *Tracy v William Penn Life Ins. Co. of N.Y.*, 234 AD2d 745, 748 [1996]). The defendants failed to rebut this presumption.

The defendants' remaining contentions are improperly raised for the first time in their reply brief (*see LaFemina v LaFemina*, 57 AD3d 856 [2008]). Covello, J.P., Miller, Balkin and Chambers, JJ., concur.