**Simply Funding LLC v Gavin Mech. Servs. LLC**

2025 NY Slip Op 33678(U)

October 8, 2025

Supreme Court, Orange County

Docket Number: Index No. EF006270-2025

Judge: Sherri L. Eisenpress

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
SIMPLY FUNDING LLC,

                                        *Plaintiff,*

                    -against-

GAVIN MECHANICAL SERVICES LLC,
DBA GAVIN MECHANICAL SERVICES
AND GAVIN P GOANE,

                                        *Defendants.*
-----------------------------------------------------------X
*Sherri L. Eisenpress, J.S.C.*

**DECISION & ORDER**

Index No.: EF006270-2025

Motion # 1

Defendants, Gavin Mechanical Services LLC and Gavin P. Goane ("Defendant") move by Order to Show Cause to vacate the default judgment entered against them on August 4, 2025. In support, Defendants argue that they have meritorious defenses and suggest that maybe there was a problem with service. Additionally, Defendants contend that such a short time has passed that there is no prejudice to Plaintiff.

In response, Plaintiff argues that the asserted defenses lack merit under New York Law, service was indisputably effectuated in accordance with the operative contract and that Defendants have no reasonable excuse for failing to timely answer.

The Court has considered NYSCEF document numbers 15, 27, 28 and 37 in determining this motion.

FACTS

Plaintiff commenced this action on July 2, 2025, alleging a breach by Defendants of a receivables purchase agreement dated November 11, 2024 (the "Agreement"). Defendants were served with a Summons and Verified Complaint, pursuant to §4.15 of the Agreement on July 2, 2025, which was signed for by Defendants.

1

DISCUSSION

Where a party fails to serve a timely answer or motion to dismiss, it is required to demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action. Community Preserv. Corp. v. Bridgewater Condominiums, LLC, 89 A.D.3d 784, 785 (2d Dept. 2011). The failure to demonstrate a reasonable excuse requires the denial of a defendant's application. Id. Although what is reasonable will vary based upon the length of the default and the specific facts, the Court cannot accept just any excuse as reasonable. Dominguez v. Carioscia, 1 A.D.3d 396, 397 (2d Dept. 2003); Zolov v. Donovan, 138 A.D.2d 484 (2d Dept. 1988).

This motion, as and for its "reasonable" excuse for defaulting in answering the Complaint, makes a bare and unsubstantiated denial of receipt of process and attempts to flip the burden of proof to the Plaintiff, demanding "a traverse hearing" based upon Defendants' bare assertion that Defendant Goane "do[es] not recall being served with any legal papers in connection with this case." Even if it were true, this assertion would fail to rebut the presumption of proper service arising from the prima facie valid affidavit of service and does not carry the burden of setting forth specific facts disputing the statements in the affidavit of service. Deutsche Bank Natl. Trust Co. v. Quinones, 114 A.D.3d 719 (2d Dept. 2014); Doller v. Prescott, 167 A.D.3d 1298, 1302 (3d Dept. 2018) Hayden v. Southern Wine & Spirits of Upstate N.Y., Inc., 126 A.D.3d 673, 674 (2d Dept. 2015) Grinshpun v. Borokhovich, 100 A.D.3d 551, 552 (1st Dept. 2012); Baer v. Lipson, 194 A.D.2d 787 (2d Dept. 1993).

Defendants offer no specific facts contesting the prima facie proof of proper service under the Agreement, which provided for service of process as follows:

> [T]he mailing by certified or registered mail, return receipt requested, of any process required by any such court will constitute valid and lawful service of process against them, without the necessity for service by any other means provided by statute or rule of court..." (service of process in the Guaranty of Performance is the same).

2

Defendants contend, and the documentary evidence demonstrates, that service of the Summons and Verified Complaint was completed in full compliance with the foregoing contractual provision on July 2, 2025, with Defendants receiving and signing for the Summons and Verified Complaint via certified mail. See Bac Home Loans Servicing, LP v Funk, 154 AD3d 1244, 1246 (3d Dept 2017) ("Supreme Court did not abuse its discretion in rejecting plaintiff's excuse as incredible.") (citations omitted). Moreover, the Agreement states that the mere mailing of process, without any requirement of actual receipt, "will constitute valid and lawful service of process[.]" (providing for service of process in the same manner in the Guaranty of Performance). Nevertheless, here Plaintiff has conclusively established that process was received. Consequently, the lone proffered excuse of improper service fails as a matter of law upon the facts and documentary evidence.

Even if the motion did not fail on that ground, taking the Defendants' assertions at face value, their failure to receive process would still be insufficient to warrant any relief herein. See Dune Deck Owners Corp. v. J J & P Assoc. Corp., 71 A.D.3d 1075, 1077 (2d Dept. 2010) ("Here, the plaintiff established proof of actual mailing through the testimony of its vice-president, who personally addressed and mailed the required notices to the defendants via certified mail, return receipt requested.") (citations omitted); see also Simply Funding, LLC v. Flight Team LLC, et al., Index No. EF010818-2024, NYSCEF Doc. 39 (McElduff, J.) (citing Dune Deck Owners Corp., "[o]nly proof of mailing of the certified mail in the first instance (as demonstrated here by/in the affidavit of service) is required to give rise to the presumption of receipt where a contract provides for service by certified mail.)

"[P]arties to a contract are free to contractually waive service of process. By definition, such waivers render inapplicable the statutes that normally direct and limit the acceptable means of serving process on a defendant." Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L., 78 A.D.3d 137, 140 (1st Dept. 2010). "A party who executes a contract is presumed to know its contents and to assent to them." Moon Choung v. Allstate Ins. Co., 283 A.D.2d 468 (2d Dept. 2001) (citations omitted). Consequently, "a written agreement that is

3

[* 3]

complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." Ikezi v. 82nd St. Academics, 221 A.D.3d 986, 987 (2d Dept. 2023). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself and concerning which there is no reasonable basis for a difference of opinion. Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity." Greenfield v. Philles Records, 98 N.Y.2d 562 (2002) (citations and quotations omitted). "Where the terms of a contract are clear and unambiguous, the intent of the parties must be found within four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole. 'The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning'." Ellington v. EMI Music, Inc., 24 N.Y.3d 239, 244 (2014).

Here, the parties specifically agreed to service of process by certified mail, precisely the method of service employed in this case. "It is well settled that the requirements of due process are satisfied where 'notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'." Harner v. County of Tioga, 5 N.Y.3d 136 (2005) (citations omitted). "Due process does not require actual receipt of notice…[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The notice procedure chosen need not eliminate all risk that notice might not actually reach the affected party. Unquestionably, mailed notice may suffice." Beckman v. Greentree Sec., 87 N.Y.2d 566 (1996) (citations omitted). When serving by certified mail pursuant to contract, such as here, the presumption of proper service arises from the mailing itself, notwithstanding proof of actual receipt (which also exists here). See Dune Deck Owners Corp. v. J J & P Assoc. Corp., 71 A.D.3d 1075, 1077 (2d Dept. 2010).

.

4

[* 4]

Here, service upon the Defendants was made to the addresses provided at the time of contracting and warranted as accurate and was actually received. Additional first-class mailings as well as the Notice of Entry and Notice of Judgment were also served at the exact same addresses and not returned as undeliverable. Thus, the claimed 'reasonable excuse' is no excuse at all.

In support of a motion to vacate a default judgment, the movant is also "required to demonstrate...a meritorious defense to the underlying action." Berlin v. New Hope Holiness Church of God, 93 A.D.2d 798 (2d Dept. 1983); Abdul v. Hirschfield, 2008 865 N.Y.S.2d 537, 541 (Sup. Ct., Kings Cty. 2008) ("A 'meritorious defense' is defined as '[a] defense that addresses the substance or essentials of a case rather than dilatory or technical objections.' (Black's Law Dictionary 430 [7th ed 1999].")."). Thus, a party moving to vacate a default judgment must "submit competent evidence to demonstrate the existence of a potentially meritorious defense." Thakurdyal v 341 Scholes St., LLC, 50 AD3d 889, 890 (2d Dept 2008). Critically, there "must be a showing of a meritorious defense [which]...contain[s] factual material, and not merely conclusory allegations or vague assertions." Bank of NY v Bestbuydigital, Inc., 2010 NY Slip Op 31418[U] (Sup. Ct. Nassau Cty. 2010); Figueroa, 281 A.D.2d at 205; Stein v Yonkers Contr., 244 A.D.2d 473, 474 (2d Dept. 1997).

Defendants' motion, however, fails to set forth any viable defense to the substantive facts of the case, instead raising only arguments of usury along with various assertions that Plaintiff somehow breached the Agreement or miscalculated its fully accounted-for sum certain damages, each of which also fails as a matter of law, even if the Court were to consider them.

With respect to Defendants' usury argument, the controlling appellate precedent is clearly stated in Principis Cap., LLC v. I Do, Inc., 201 A.D.3d 752, 754 (2d Dept. 2022), which was recently confirmed again by the Second Department[1], or the consistent and

---

[1] See True Bus. Funding, LLC v. Guerrero A Constr. Corp., 2025 NY Slip Op 03598, at **2 (2d Dept. 2025).

5

growing body of case law applying that precedent to the Simply Funding Agreement) by arguing that the "agreement was a usurious loan, not a risk-laden purchase of future receivables as Plaintiff claims." Under New York law, however, it is axiomatic that a contract cannot be usurious if, as here, it is not a loan. See, e.g., Seidel v. 18 E. 17th St. Owners, 79 NY2d 735, 744 (1992) ("Usury laws apply only to loans or forbearances, not investments."); True Bus. Funding, LLC v. Guerrero A Constr. Corp., 2025 NY Slip Op 03598, at **2 (2d Dept. 2025) (affirming Principis Cap., LLC v. I Do, Inc. as stating the relevant factors to be weighed in determining "whether the plaintiff is absolutely entitled to repayment under all circumstances" and rejecting usury challenge as a matter of law based upon the plain language of the agreement); Principis Cap., LLC v. I Do, Inc., 201 AD3d 752, 754 (2d Dept 2022) ("where there is no loan, there can be no usury," rejecting usury challenge to purchase and sale of future receivables agreement as a matter of law) (quoting LG Funding, 181 A.D.3d at 665); Donatelli v Siskind, 170 AD2d 433, 434 (2d Dept 1991) (same); OriginClear Inc. v. GTR Source, LLC, 2021 WL 5907878, at *5 (WD NY Dec. 14, 2021) (usury applies only where a "borrower and lender…have purposefully loaned money at a usurious rate"; rejecting usury challenge to merchant cash advance agreement); Womack v. Cap. Stack, LLC, 2019 WL 4142740, at *4 (SD NY Aug. 30, 2019) ("The essential element of usury is the existence of a loan or forbearance of money."; rejecting usury challenge to merchant cash advance agreement).

An agreement is not a loan unless it provides (1) a right of interest on principal, see, e.g., Donatelli, 170 A.D.2d at 434; Kelly, Grossman & Flanagan, LLP v. Quick Cash, Inc., 2012 WL 1087341, at *6 (Sup Ct, Suffolk County. Mar. 29, 2012); Womack, 2019 WL 4142740, at *4 ("the lender must have purposefully loaned money at a usurious interest reserved in some form by the contract"), and (2) an absolute right to repayment, see Principis, 201 AD3d at 754; Rubenstein v. Small, 273 AD 102, 104 (1st Dept 1947); Colonial, 252 F. Supp. 3d at 282-83 (distinguishing merchant cash advance agreements from loans because only loans have absolute and unconditional payment obligations). "Additionally, where the

6

[* 6]

effective interest rate is based upon a contingency in the debtor's control, usury laws do not apply." Womack, 2019 WL 4142740, at *4.

Under these standards, a purchase and sale of future receivables agreement is "not a usurious transaction." Champion Auto Sales, LLC v. Pearl Beta Funding, LLC, 159 AD3d 507, 507 (1st Dept 2018). Champion Auto was the first of a series of appellate decisions involving purchases of future receivables agreements in which the New York appellate courts recognized this principle. The Second Department, in Principis, itself cited approvingly on June 11, 2025, in True Bus. Funding, LLC v. Guerrero A Constr. Corp., summarized the factors courts weigh to dismiss usury allegations raised against purchase and sale of future receivables agreements:

> Unless a principal sum is repayable absolutely, the transaction is not a loan. Usually, courts weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy.

Principis, 201 AD3d at 754 (citing LG Funding, 181 AD3d at 665-66). Applying those factors, the court upheld the agreement. Id. The Fourth Department adopted the same test and affirmed dismissal of usury claims based on the decision of the court below. See Kennard, 2020 N.Y. Misc. Lexis 10407, aff'd, 199 AD3d 1406. On June 11, 2025, in True Bus. Funding, LLC v. Guerrero A Constr. Corp., the Second Department again set forth the three-factor test in Principis, explained that its purpose is to "examine whether the plaintiff is absolutely entitled to repayment under all circumstances[,]" and, upon its application to the agreement before it, upheld the "the transaction at issue [as] a purchase of future receivables and not a criminally usurious loan[,]" noting specifically the presence of provisions such as "a clause that provided that the LLC could request reconciliation to adjust payments upward or downward in response to fluctuations in the LLC's weekly receipts" and finding that "this clause rendered the term of the agreement indefinite[.]" 2025 NY Slip Op 03598, at **2 (2d Dept. 2025).

Here, the Agreement contains express mandatory adjustment and reconciliation provisions, it did not impose a finite term, and did not provide Plaintiff any

7

[* 7]

recourse in the events of Defendants' bankruptcy or business failure. As the Agreement satisfies all three factors, the Defendants' usury defense is without merit. Principis, 201 A.D.3d at 754 (citing LG Funding, 181 A.D.3d at 665-66); K9 Bytes, 56 Misc. 3d at 817; Kennard, 2020 N.Y. Misc. Lexis 10407, aff'd, 199 AD3d 1406; Champion Auto Sales, 159 AD3d at 507.

Nevertheless, the Agreement goes still further and contains other contingency provisions that are independently fatal to Defendants' usury allegation. As explained by the Second Department, the ultimate test for the Court is whether the buyer is "absolutely entitled to repayment under all circumstances." LG Funding, LLC, 181 A.D.3d at 666. "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan." Id. (citing Rubenstein v. Small, 273 A.D. 102, 104 (1st Dept. 1947)). Thus, if there is any fact pattern or circumstance outside the alleged lender's control that will serve as a complete bar to further repayment, that will be fatal to a usury challenge. Rubenstein, 273 A.D. at 104. For instance, a contract provision conditioning payment to the buyer on the seller's actual generating and collecting receivables is, as a result, independently fatal to a usurious loan theory. Strategic Funding Source, Case No.: 2021-00877 (unreported); Pearl Delta Funding, LLC v. Superior Contr. & Restoration, Inc., 2022 N.Y. Misc. LEXIS 6038 (Sup. Ct. Nassau Co. 2022). Indeed, if the contract mandates that "the obligation to repay is conditioned upon the receipt by the merchant receiving receivables," there can be no dispute that the transaction was not a loan subject to usury laws. Platinum Rapid Funding Group, Ltd. v H D W of Raleigh, Inc., 2018 N.Y. Slip. Op. 32500[U] (Sup Ct, Nassau Co. 2018). The Agreement here is unequivocal:

> Seller is selling a portion of a revenue stream to Buyer at a discount, not borrowing money from Buyer, therefore, there is no interest rate or payment schedule and no set time period during which the Purchased Amount must be collected by Buyer. Seller's obligation to deliver the Receivables is conditioned upon the continuance of the Seller's Receivables. Buyer assumes the risk that Receivables may be remitted more slowly than Buyer may have anticipated or projected because Seller's business has slowed down, and the risk that the full Purchased Amount may never be remitted because Seller's business went bankrupt, or Seller otherwise ceased operations in the ordinary course of business. Buyer is buying the Purchased Amount of Receivables knowing the risks that Seller's business may slow down or fail. Buyer assumes these risks based on Seller's representations and the warranties and covenants in this Agreement...

8

In addition to the cases analyzing the Simply Funding Agreement specifically, upon such clear and unambiguous agreements containing substantially similar provisions, the exact same usury defense has failed dozens of times and the sheer weight of authority rejects this argument.[2]

The Defendants' "alternative" 'defenses' also fail as a matter of law. The first "alternative" assertion, that "Plaintiff is suing for the wrong amount," fails in the face of the detailed and verified allegations of the Complaint and its attached exhibits, which set forth that the Plaintiff purchased receivables in the amount of $63,900.00 and that Defendants partially performed, but breached the Agreement, causing damages in the amount of $22,025.00. Plaintiff's damages are a sum certain "function of simple arithmetic" and are supported by documentary evidence. Any assertion that Plaintiff's damages were improperly calculated is without merit.

Similarly, the assertion that "Plaintiff breached the agreement, by failing to reconcile the weekly receivables" advanced by Defendants' Counsel fails to plead facts

---

[2] Spin Capital, LLC v Golden Foothill Ins. Servs., LLC, 2023 N.Y. Slip. Op. 30594[U] (Sup. Ct. N.Y. Cty. 2023); Honest Funding Llc v Power Logistics Servs. Corp, 2023 N.Y. Misc. LEXIS 636 (Sup. Ct. Westchester Cty. 2023); Unique Funding Solutions LLC v A-Z Imports Exports LLC, 2023 N.Y. Slip. Op. 50188[U] (Sup. Ct. Nassau Cty. 2023); Spartan Bus. Solutions, LLC v AVA Mfg., LLC, 2023 N.Y. Misc. LEXIS 225 (Sup. Ct. Monroe Cty. 2023); Brickstone Group LLC v Arizona Native Bldrs., LLC, 2022 N.Y. Slip. Op. 34260[U] (Sup. Ct. N.Y. Cty. 2022); Vernon Capital Group LLC v Walnut Spring Farms L.L.C., 2022 N.Y. Misc. LEXIS 4004 (Sup. Ct. Kings Cty. 2022); CFG Merchant Solutions, LLC, v. Fromley LLC, 2022 N.Y. Misc. LEXIS 7317 (Sup. Ct. Kings Cty. 2022); Spartan Bus. Solutions, LLC v Expert Packaging Inc., 2022 N.Y. Misc. LEXIS 4005 (Sup. Ct. Monroe Cty. 2022); Cloudfund LLC v Tamam Meat LLC, 2022 N.Y. Misc. LEXIS 4179 (Sup. Ct. Queens Cty. 2022); Royal Bus. Group, LLC v Cloud Acct. LLC, 2022 N.Y. Misc. LEXIS 3785, 2022 NY Slip Op 32704(U) (Sup. Ct. Monroe Cty. 2022); Kodiak Funding, LLC v Golden Hospitality LLC, 2022 N.Y. Misc. LEXIS 3782, 2022 NY Slip Op 32703(U) (Sup. Ct. Monroe Cty. 2022); Tender Loving Care Homes Inc. v Reliable Fast Cash, LLC, 2022 N.Y. Slip. Op. 22196 (Sup. Ct. Richmond Cty. 2022); Green Capital Funding v TSG Fitness LLC, 2022 N.Y. Misc. LEXIS 2370 (Sup. Ct. Nassau Cty. 2022); Global Merchant Cash, Inc. v Mainland Ins. Agency Inc., 2022 N.Y. Misc. LEXIS 1473 (Sup. Ct. Kings Cty. 2022); Samson MCA LLC v Joseph A. Russo MD PC, 2022 N.Y. Misc. LEXIS 1127 (Sup. Ct. Ontario Cty. 2022); Thryve Capital Funding, LLC v Dilshaan LLC, 2022 N.Y. Misc. LEXIS 282 (Sup. Ct. Queens Cty. 2022); American Water Restoration, Inc. v. AKF Inc., 74 Misc.3d 1203(A) (Sup. Ct. Ontario Cty. 2022); Cavalry LLC v Funding Metrics, LLC, 2021 NY Slip Op 32017[U] (Sup. Ct. Orange Cty. 2021); EBF Partners, LLC, v. OT Aspekt & Chiropractic, 2021 N.Y. Misc. LEXIS 12815 (Sup. Ct. Queens Cty. 2021); E.B.F. Partners, LLC v. Middleman Mattress Corp., 2021 N.Y. Misc. LEXIS 12814 (Sup. Ct. Richmond Cty. 2021); OriginClear Inc. v GTR Source, LLC, 2021 U.S. Dist. LEXIS 239013 (W.D.N.Y. 2021); 110% Effort, 1000% of the Time LLC v High Roller Rentals LLC, 2021 N.Y. Slip. Op. 32678[U] (Sup. Ct. Kings County 2021); Progressive Water Treatment Inc. v. Yellowstone Capital LLC, 2021 N.Y. Misc. LEXIS 5 (Sup. Ct. Erie Cty. 2021); Principis Capital Llc v Gold, 2021 N.Y. Misc. LEXIS 9265 (Sup. Ct. Nassau Cty. 2021); OT Aspekt & Chiropractic PLLC v Fox Capital Group, Inc., 73 Misc 3d 1208[A] (Sup. Ct. Queens Cty. 2021); Colonial Funding Network, Inc. v. Davincitek Corp., 2021 NY Slip Op 30026(U) (Sup. Ct. N.Y. Cty. 2021); McA Master Fund v. Universal Scrap Motors, 2021 NY Slip. Op. 30097(U) (Sup. Ct. Nassau Cty. 2021); Principis Capital LLC v Team Van Eyk, Inc., 2021 N.Y. Slip. Op. 30664[U] (Sup. Ct. N.Y. Cty. 2021); Quicksilver Capital v All Around Off. Installation, 2021 N.Y. Slip. Op. 31929[U] (Sup. Ct. Queens Cty. 2021); Pirs Capital, LLC v. D & M Truck, Tire & Trailer Repair Inc., 69 Misc. 3d 457 (Sup. Ct. N.Y. Cty. 2020).

9

[* 9]

sufficient to allege a viable breach of contract claim. Here the complaint does not allege facts that, if true, would show a breach or damages caused by an alleged breach. Vague allegations such as those asserted here have been dismissed repeatedly. Cloudfund LLC v Broughton Constr. Co. LLC, 2023 N.Y. Misc. LEXIS 23043 (Sup. Ct. Nassau Cty. 2023) (Commercial Division); Cloudfund LLC v Golden W. Pool Repair & Spa Care Inc., 2023 N.Y. Misc. LEXIS 9512 (Sup. Ct. Queens Cty. Oct. 23, 2023); Revenued LLC. v. Artificial Grass Co., LLC, No. 601829/2024, 2024 N.Y. Misc. LEXIS 26478, at *6 n.1 (Sup. Ct. July 5, 2024); Bizfund Cap. Grp. LLC v. Allstate Commer. Glass Inc., 2024 N.Y. Misc. LEXIS 5272 (Sup. Ct. Kings. Cty. August 23, 2024); Cloudfund, LLC v. Fat Cat Tavern Inc., Index No. 722679/2023.

"The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach." Junger v John V. Dinan Assoc., Inc., 164 A.D.3d 1428, 1430 (2d Dept. 2018). "Commonplace recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. The Court is not bound to accept as true a legal conclusion couched as a factual allegation. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Sikorsky v City of Newburgh, 2018 N.Y. Slip. Op. 33920[U], *8 (Sup. Ct. Orange Cty. 2018). Defendants proffered 'defense' of breach of contract runs afoul of these well settled principles by failing to set forth any of the essential facts.

First, the Defendants fail to plead facts, that if true, would establish their own performance under the Agreement. Med. Care of W. NY v Allstate Ins. Co., 175 A.D.3d 878 (4th Dept. 2019) (explaining that bare legal conclusions are insufficient to identify contracts, the services performed thereunder, or why certain actions constituted a breach); Wonder Works Constr. Corp. v 421 Kent Dev., LLC, 2018 N.Y. Slip. Op. 32189[U], *3 (Sup. Ct. N.Y. Cty. 2018) (explaining that "bare, conclusory allegation" that a party "performed 'extra work'" was insufficient to plead a claim). Bare allegations that a party "performed" or "failed to

10

perform" under an agreement are insufficient to state a claim. <u>Ganieva v Ivywise</u>, 2021 NY Slip Op 31218[U], *9 (Sup. Ct. N.Y. Cty. 2021).

Second, Defendants' allegations do not contain any statement about their actual receivables, any claim that the estimated payments were not accurate, any claim that they sustained a reduction or increase in receivables, or any fact allegations at all about their receivables, which is a prerequisite for a reconciliation request. Defendants' pleading is missing any facts that would suggest a reconciliation should actually be performed or would have had any effect whatsoever. Moreover, there are no dates of any reconciliation request or indicia that a reconciliation request was made by Defendants to Plaintiff or anything suggesting that Defendants submitted the Business Defendants' bank statements to Plaintiff that would have allowed Plaintiff to perform a reconciliation. The documentary evidence introduced in connection with sworn testimony of Plaintiffs' offer demonstrates that Defendants never made a request and ignored the Plaintiff's requests for the very documents that would have permitted the Plaintiff to perform a reconciliation or adjustment.

Additionally, Defendants' 'breach of contract' defense does not allege any actual injuries. Defendants never allege that Plaintiff received more than was due or that Defendants were entitled to a refund from an overcollection; they do not allege that Plaintiff has collected at a time when nothing was due; they do not allege that they have paid more money than they received, and in fact they do not ever allege what they paid or what they received.

Defendants' "alternative" 'defense' asserts that Plaintiff is seeking "impermissible fees which are [] punitive in nature," but fails to particularize the amounts disputed or even identify them as liquidated damages and, in any event, fails to set forth any facts establishing that any fees assessed upon breach of the Agreement are "plainly or grossly disproportionate to the probable loss," (<u>Truck Rent-A-Center, Inc. v Puritan Farms</u> 2nd, Inc, 41 NY2d 420, 425 [1977]) nor have Defendants met their burden "to show that the stated liquidated damages are, in fact, a penalty." <u>JMD Holding Corp. v Cong. Fin. Corp.</u>, 4 NY3d 373,

11

[* 11]

380 (2005). Each component of Plaintiff's alleged damages, including the Blocked ACH Fee of $2,500.00, which was provided for in the Agreement, and is not a penalty but is a contracted-for part of Plaintiff's actual damages: The Motion simply labels this component of damages as "punitive" without even acknowledging the applicable standard: the party objecting to the liquidated damages "...must demonstrate either that damages flowing from prospective early termination were readily ascertainable at the time [the parties] entered into their [Agreement], or that the early termination fee is conspicuously disproportionate to these foreseeable losses." Defendants merely allege in conclusory fashion that fees are "punitive" and "not reasonably calculated to compensate the Plaintiff for their actual alleged damages in this case." Further, even if there were to be a finding that a liquidated damages clause is unenforceable, it will have no effect on the Plaintiff's principal damages: "If the clause is rejected as being a penalty, the recovery is limited to actual damages proven" [JMD Holding Corp. v Cong. Fin. Corp., 4 NY3d 373, 380 (2005)], meaning that even if Defendants' bare assertions were credited, Plaintiff would still be entitled to the unremitted Purchased Amount of receivables.

"As recognized by the Court of Appeals, the drafters of [CPLR §5015] intended that the Court retain its inherent discretionary power to vacate their own judgments 'for sufficient reason and in the interests of substantial justice.' The decision to vacate a default judgment 'lies within the discretion of the trial court...' In exercising its discretion, the court should consider 'the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief.'" Gargano v. Morey, 2017 N.Y. Misc. LEXIS 8142 (Sup. Ct. Nassau Co. 2017) (citations omitted).

Such inherent discretionary authority, however, is not unlimited, nor may it be untethered to the legal standard requiring its application to the particulars of the case, the equities of the respective parties, and the grounds for the vacatur sought: "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud], mistake, inadvertence, surprise or

12

excusable neglect. A court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where unique or unusual circumstances…warrant such action." <u>Deutsche Bank Natl. Trust Co. v. Neuman</u>, 214 A.D.3d 952 (2d Dept. 2023) (citations omitted; quotations omitted).

Indeed, even in the exercise of its discretionary authority, there must still be at least some showing of the merits underlying the application to vacate a default. <u>Woodson v. Mendon Leasing Corp.</u>, 100 N.Y.2d 62, 69 (2003). As set forth above, the Motion fails to demonstrate any reasonable excuse for defaulting and the claimed defenses fail for their lack of substantive allegations and as being against the tremendous weight of authority directly and conclusively disposing of usury claims in this context.

This motion to vacate the default is accordingly **DENIED** in its entirety.

The foregoing constitutes the Decision and Order of this Court on Motion #1.

Dated:  Goshen, New York
        October 8, 2025

HON. SHERRI L. EISENPRESS
Justice of the Supreme Court

To: All parties via NYSCEF

13

[* 13]