**Simply Funding LLC v Labels Unlimited, Inc.**

2025 NY Slip Op 33779(U)

October 14, 2025

Supreme Court, Orange County

Docket Number: Index No. EF001379-2025

Judge: E. Loren Williams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
PRESENT: HONORABLE E. LOREN WILLIAMS
------------------------------------------------------------------X
SIMPLY FUNDING LLC,

                                    Plaintiff,

        -against-

LABELS UNLIMITED, INC., DBA LABELS
UNLIMITED; LYNDELL MARIE GODDARD; and
JOSEPH FRANCES MCMAHON, aka JOSEPH
FRANCES MCMAHON III,

                                    Defendants.

------------------------------------------------------------------X

> To commence the statutory time for appeals as of right (CPLR 5513 [a]), you are advised to serve a copy of this order, with notice of entry, on all parties.

**DECISION AND ORDER**

**Index No.:** EF001379-2025
**Seq. #:  1, 2**

        The following papers were read on plaintiff's motion to dismiss affirmative defenses

(Seq. 1) and plaintiff's summary judgment motion (Seq. 2):

**Seq. #1**

| | |
|---|---|
| Notice of Motion/Affidavits/Exhibits | NYSCEF Doc # 26-32 |
| Opposition Affirmation | NYSCEF Doc # 33 |
| Reply Memo of Law | NYSCEF Doc # 34 |

**Seq. #2**

| | |
|---|---|
| Notice of Motion/Affidavits/Exhibits | NYSCEF Doc # 41-59 |
| Opposition Affirmations | NYSCEF Doc # 62-63 |
| Reply Memo of Law | NYSCEF Doc # 64 |

**BACKGROUND AND PROCEDURAL HISTORY**

        This case involves the breach of a receivables purchase agreement dated September 4,

2024.  On February 6, 2025, plaintiff commenced the action.  On February 12, 2025, defendants

answered the complaint.  On March 17, 2025, plaintiff discontinued the claims against defendant

Joseph Frances McMahon.

        On March 25, 2025, plaintiff filed a motion to dismiss the defendants' affirmative defenses.

1

[* 1]

Before the Court could issue a decision on that motion, on June 23, 2025, plaintiff filed a motion for summary judgment. The Court now considers both motions together.

The facts are generally undisputed unless otherwise stated and are drawn from the parties' submissions and admissible evidence in the record.

Defendants operate a label making business in Tennessee. On January 7, 2024, defendants electronically applied for funding to plaintiff's New York office. The funding application noted that the application may be for "purchases of future receivables" or for a "commercial loan." Defendants indicated their monthly gross sales were $150,000. It is unclear what type of financing the defendants intended to obtain, as they submitted no admissible evidence or affidavit.

In any event, on September 4, 2024, the parties executed an agreement whereby defendants sold $141,000 of future receivables/revenue in exchange for a lump sum payment of $100,000. The defendants would pay the receivables based on a percentage of their weekly revenue.

The contract has some relevant provisions that make clear the nature of the agreement. Paragraph three of the agreement, entitled "Reconciliation" provides:

> Reconciliation. The Specified Amount is intended to represent the Purchased Percentage of Seller's Receivables. To ensure that the Specified Amount of Receivables delivered to Buyer accurately reflects the Purchased Percentage of actual Receivables earned by Seller, Seller and Buyer have the right to request a "Reconciliation" at any time during the course of this Agreement as follows:…

Paragraph four of the agreement, entitled "Nonrecourse Sale of Receivables" provides:

> Nonrecourse Sale of Receivables. THIS IS NOT A LOAN. Seller is selling a portion of a revenue stream to Buyer at a discount, not borrowing money from Buyer, therefore, there is no interest rate or payment schedule and no set time period during which the Purchased Amount must be collected by Buyer. Seller's obligation to deliver the Receivables is conditioned upon the continuance of the Seller's Receivables. Buyer assumes the risk that Receivables may be remitted more slowly than Buyer may have anticipated or projected because

2

> Seller's business has slowed down, and the risk that the full Purchased Amount may never be remitted because Seller's business went bankrupt, or Seller otherwise ceased operations in the ordinary course of business.

Following execution, defendants provided a bank account where plaintiff deposited the money, less a $4,000 processing fee. Defendants partially performed, delivering $56,400 of the total purchased amount of $141,000. On December 26, 2024, the weekly debit of $3,525.00 failed to clear, with no further payments. This placed defendants in default of their obligations under the contract.

**DISCUSSION**

Defendants argue principally that the purchase agreement was actually a loan, and a criminally usurious one and that plaintiff failed to establish the breach of contract claim with evidence in admissible form. Defendants maintain that the plaintiff's affidavit failed to establish the requisite knowledge of how the records were maintained or created. Finally, defendants maintain they were lured into the contract deceptively and, as a result, the agreement violated federal laws and regulations protecting consumers. Plaintiff's motion is granted.

A proponent of a motion for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law with proof in admissible form sufficient to establish the lack of any material issues of fact (*see Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Once a showing of entitlement to summary judgment has been made, the burden shifts to the party opposing the motion for summary judgment, to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (see CPLR 3212 [b]; *Alvarez v Prospect Hospital, supra; Zuckerman v City of New York, supra*).

3

[* 3]

The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (*Dee v Rakower*, 112 AD3d 204, 208–209 [2d Dept 2013]; *see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2d Dept 2011]). To recover on a promissory note, plaintiff "must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*American Realty Corp. of NY v Sukhu*, 90 AD3d 792, 793 [2d Dept 2011]; *Lugli v Johnston*, 78 AD3d1183, 1135 [2d Dept 2010]).

Here, plaintiff established that it had a contract with defendants, that plaintiff performed under the contract, and that defendants defaulted in making the agreed upon remittances of receivables weekly.

Contrary to defendants' contentions, the affidavit of Jacob Kleinberger laid a proper foundation for the relevant business records as the witness had personal knowledge of the transaction, the records, and the plaintiff's record-keeping practices. To establish a borrower's default through business records, the Second Department explained:

> A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures[.]"

*Autovest, LLC v Cassamajor*, 195 AD3d 672, 673 [2d Dept 2021] (*quoting Standard Textile Co. v. National Equip. Rental,* 80 AD2d 911 [2d Dept 1981]) [internal quotation and citation omitted]). Here, Mr. Kleinberger's affidavit was sufficient to establish the foundation for the business records used (*see Deutsche Bank Natl. Tr. Co. v Pirozzi*, 230 AD3d 736, 739 [2d Dept 2024]; *Bank of New York Mellon v Gordon*, 171 AD3d 197, 209 [2d Dept 2019]).

4

[* 4]

In opposition, defendants failed to raise any issue of fact precluding summary judgment in plaintiff's favor. To the extent defendants claim they did not understand the contract they signed, that is not a defense to a breach of contract action (*see Nissan Motor Acceptance Corp. v Scialpi*, 83 AD3d 1020, 1021 [2d Dept 2011]). In any event, defendants submit only an attorney affidavit in opposition to the motion, which failed to establish any of their fact-based arguments, including plaintiff's alleged deception or their lack of understanding of the contract, with evidence in admissible form (*see Nouveau El. Indus., Inc. v Glendale Condominium Town and Tower Corp.*, 107 AD3d 965, 967 [2d Dept 2013]). Thus, whether the plaintiff allegedly violated federal law in its dealings with defendants during these transactions is not established with admissible evidence and failed to create any triable issue of fact.

Defendants further fail to establish this agreement was a criminally usurious loan under New York law. "The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be" (*Principis Capital, LLC v I Do, Inc.*, 201 AD3d 752, 754 [2d Dept 2022]). "Unless a principal sum advanced is repayable absolutely, the transaction is not a loan" (*id.*). "Courts generally weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy" (*True Bus. Funding, LLC v Guerrero A Constr. Corp.*, 239 AD3d 787, 788 [2d Dept 2025] [internal quotation marks omitted]).

As discussed above, this agreement clearly did not contain an absolute repayment provision, as it had both reconciliation provisions to base payments on actual receivables and did not provide for any recourse for the plaintiff in the event defendants declared bankruptcy (*see*

5

NYSCEF Doc. 49, p. 2 pars. 3-4). The Second Department has held similar agreements to not be "loans" for purpose of usury laws (*see Principis*, 201 AD3d at 754; *True*, 239 AD3d at 788).

This is not like defendants' cited *LG Funding, LLC v United Senior Properties of Olathe, LLC*, where there were "provisions suggesting that United's obligation to repay was absolute and not contingent on its actual accounts receivable" and that a "written admission of its inability to pay its debt or its bankruptcy constitute events of default under the agreement" (181 AD3d 664, 666 [2d Dept 2020]). In that case, the Second Department found the contract at issue was a loan. Here, that is not the case.

Defendants failed to establish any triable issue of fact. Plaintiff's motion for summary judgment is granted.

Given the granting of summary judgment, the plaintiff's earlier motion to dismiss the affirmative defenses is moot.

The parties remaining contentions were reviewed, but as they do not alter the Court's decision, are denied as moot or academic.

Accordingly, it is:

**ORDERED** that plaintiff's motion for summary judgment (Seq. 2) is GRANTED; and it is further

**ORDERED** that plaintiff's motion to dismiss (Seq. 1) is DENIED as moot; and it is further

**ORDERED** that plaintiff shall submit a proposed judgment on the referenced agreement consistent with the Court's decision within 30 days of the date of this order.

The foregoing constitutes the Decision and Order of the Court.

6

[* 6]

Dated: October 14, 2025
Goshen, New York

ENTER:

_____
HON. E. Loren Williams, J.S.C.

Filed in NYSCEF to All Parties

7

[* 7]