**Simply Funding LLC v Downtown Trading, Inc.**

2026 NY Slip Op 30923(U)

March 19, 2026

Supreme Court, Orange County

Docket Number: Index No. EF008726-2025

Judge: Kyle C. McGovern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------------------------------------------X

Index No. EF008726-2025

SIMPLY FUNDING LLC,

*Plaintiff,*

-against-

**DECISION and ORDER**
(Mot. Seq. #1 & #2)

DOWNTOWN TRADING, INC., DBA DOWNTOWN
TRADING; ROCKBRIDGE MANAGEMENT, LTD.;
MAK TECH, LLC; PAANSHOP, INC.; ILLINOIS
TRADING INC.; JAI CHEHAR GROCERY INC.;
SUFYAN TRADING INC.,; and ABDUL NAJEEB
MOHAMMED,

*Defendants.*

---------------------------------------------------------------------------X

**McGOVERN, J.**

The following papers filed electronically were read and considered in connection with the

motion by Plaintiff (Mot. Seq. #1) for an Order pursuant to CPLR §3211(b) to dismiss Defendants'

affirmative defenses and in connection with the motion by Plaintiff (Mot. Seq. #2) for an Order

granting summary judgment:

*Motion #1*

Notice of Motion, Affirmation in Support,
     Memorandum of Law……………….……………………….Doc. 27-29
Affirmation in Opposition, Exhibits A-B,
     Memoranda of Law, Exhibit A………………………….....Doc. 36-41[1]
Reply Memo of Law………………………………………………Doc. 43

*Motion #2*

Notice of Motion, Affirmation in Support,
     Statement of Material Facts, Exhibits A-L,
     Memorandum of Law ……………………………………..Doc. 44-49
Affirmation in Opposition, Exhibits A-L,

---

[1] Counsel for Defendants timely uploaded to NYSCEF a Memorandum of Law in Opposition to the motion (Doc. 39) and on the following day, uploaded an additional Memorandum of Law in Opposition (Doc. 41) that was rejected by counsel for Plaintiff under the guise of prejudice since the subsequent filing was made less than seven days before the return date of the motion. The Court's close comparison of the two documents, necessitated by the fact no error was brought to the Court's attention by defense counsel upon the re-filing, revealed the only difference between the documents is the correction of the contractual numerical data on page 4, which was likely inadvertent clerical error and not impactful of any of the arguments advanced therein. Accordingly, there was no prejudice to Plaintiff occasioned by the correction of this typographical error and the Court rejects Plaintiff's argument the re-filed Memorandum of Law should be disregarded.

1

Memorandum of Law, Counterstatement of Material Facts…………....Doc. 61-75
Reply Memorandum of Law…………………………………………Doc. 76

## Background and Procedural History

Plaintiff is seeking recovery of $74,281.84 for the alleged breach by Defendants Downtown Trading, Inc., dba Downtown Trading, Rockbridge Management, Ltd., Maktech, LLC Paanshop, Inc., Illinois Trading Inc., Jai Chehar Grocery, Inc., and Sufyan Trading Inc. ("Corporate Defendants") and Abdul Najeeb Mohammed ("Defendant Guarantor") of a Receivables Purchase Agreement ("the Agreement").

It is undisputed Plaintiff entered into the Agreement, signed by Defendant Guarantor on behalf of the Corporate Defendants on May 27, 2025, to purchase $98,700.00 of their accounts receivable in exchange for an immediate payment of $70,000.00 less an agreed origination fee. Plaintiff also entered into a guarantee agreement (the "Guarantee Agreement") with Defendant Guarantor. The Guarantee Agreement provides Guarantor "guarantees to Buyer the Seller's prompt and complete performance" under the Agreement.

In the Agreement, Corporate Defendants agreed Plaintiff could debit via weekly ACH transactions from a designated bank account the amount of $2,243.18 in payment of its purchased percentage of receivables. The Agreement provided that, in the event Corporate Defendants changed bank accounts, closed the designated account, intentionally diverted its receivables to another account, directed its bank to reject, or otherwise blocked any of Plaintiff's ACH transactions, or commits another default pursuant to the Agreement, Defendants would be charged a fee of $2,500.00 (the "Default Fee").

Following execution of the Agreement, Plaintiff began the weekly debits from the designated account, totaling $26,918.16 between June 3, 2025 and August 19, 2025; however, on or about August 26, 2025, Corporate Defendants allegedly began interfering with and preventing Plaintiff's further collection of the weekly payments by instructing their bank to reject and/or block Plaintiff's ACH transactions, which action was explicitly prohibited according to the Agreement.

Plaintiff commenced this action to recover the balance due, including default and attorneys' fees, by the filing of a Summons and Complaint on September 5, 2025 and all Defendants were served by US Mail per the terms of the Agreement and the Guarantee Agreement. The Complaint asserts three causes of action, the first of which alleges a breach and damages on the Agreement; the second of which alleges a breach and damages of the Guarantee Agreement; and the third of

[* 2]

which asserts a claim for attorneys' fees pursuant to the Agreement. Issue was joined by service of Defendants' Answer on October 9, 2025 wherein Defendants asserted twenty-seven affirmative defenses.

On November 12, 2025, Plaintiff filed a motion to dismiss Defendants' affirmative defenses (Mot. Seq. #1) and on December 15, 2025, Plaintiff filed a second motion, seeking summary judgment (Mot. Seq. #2). Defendants oppose both motions which are hereby considered together.

## Motion to dismiss affirmative defenses

Plaintiff's first motion seeks to dismiss Defendants' affirmative defenses on the grounds they range from facially inapplicable to arguably sanctionable and are nothing more than bare legal conclusions, devoid of any of the factual allegations necessary to state a defense and are also demonstrably without merit based upon controlling appellate precedent. Plaintiff contends Defendants' primary theory, that the parties' Agreement is a usurious loan, is an argument that has been roundly rejected by the courts of this State.

Plaintiff specifically argues Defendants' usury defenses are meritless and must be dismissed as a matter of law, citing extensive caselaw holding receivable purchase agreements are not usurious loans. Plaintiff additionally argues all of Defendants' affirmative defenses should be dismissed for failure to plead facts and the court should dismiss the non-usury based affirmative defenses as without merit.

In opposition, Defendants first argue Plaintiff's motion omits the facts produced by Defendants in discovery and Defendants have produced a factual basis for the remaining defenses arising out of Plaintiff's misconduct. Defendants next assert, notwithstanding these arguments, they will voluntarily withdraw all affirmative defenses except the Ninth, Twentieth, Twenty-Second and Twenty-Third which relate to usury laws and unconscionability/unenforceability of the Agreement. As to these affirmative defenses, Defendants argue the facts in support of its defense are those pled in the Complaint – the amounts detailed in the transaction – which Defendants characterize as a loan and which they assert amount to an annual percentage rate (APR) in excess of 25%. Defendants also rely on recent caselaw from other counties wherein courts have recognized the validity of the usury defense in an agreement for the purchase of receivables.

In reply, Plaintiff argues the opposition is unsupported by any sworn facts or admissible evidence and is thus incapable of raising any issue warranting denial of the motion. Plaintiff further

3

argues Defendants' usury and unconscionability defenses are meritless and must be dismissed as a matter of law, and that their claims of outstanding discovery are insufficient to warrant denial of Plaintiff's motion. Plaintiff specifically cites to no fewer than fifteen of its other cases filed in the past two years, eight of which were recently decided by Judges in this county, and all of which held the identical form of the Agreement as in this matter did not constitute a loan. Plaintiff specifically challenges Defendants' opposition in that it fails analyze the applicability of a 2022 case from the Second Department or even mention the more recent 2024 and 2025 decisions from the Second Department that dismissed the defendants' usury-based defenses based upon the plain language of the Agreement. Plaintiff notes that Defendants rely primarily on two non-precedential cases from the Supreme Court, Rockland County, one of which was settled before the decision could be appealed and the other of which has been appealed and is currently awaiting determination from the Second Department.

Pursuant to CPLR §3211(b), a party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit. CPLR §3211(b) authorizes a Plaintiff to move to dismiss affirmative defenses on the same grounds a party may move to dismiss a claim under CPLR §3211(a), including that the defendant failed to plead facts sufficient to allege an affirmative defense, equivalent to a motion to dismiss pursuant to CPLR §3211(a)(7); and that the affirmative defense is barred by documentary evidence as a matter of law, the grounds provided by CPLR §3211(a)(1). *See*, *Fireman's Fund Ins. Co. v. Farrell*, 57 A.D.3d 721, 723 (2d Dept. 2008). Upon a motion to dismiss a defense per CPLR §3211(b), a defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. *Butler v. Catinella*, 58 A.D.3d 145, 148 (2d Dept. 2008). If there is any doubt as to the availability of a defense, it should not be dismissed. *Id.* The movant bears the burden of demonstrating that those defenses [a]re without merit as a matter of law. *Id.* (citing *Vita v. New York Waste Servs., LLC*, 34 A.D.3d 559, 559 [2d Dept. 2006]).

Defendants have already agreed to withdraw their affirmative defenses except the Ninth, (asserting the terms of the Agreement between Plaintiff and Defendants are unconscionable and unenforceable as a matter of law and public policy), Twentieth (asserting Plaintiff should be barred from recovering because its actions violate public policy), Twenty-Second (asserting Plaintiff's claims are barred to the extent that the obligations which Plaintiff seeks to enforce are in violation of New York civil and criminal usury laws) and Twenty-Third (asserting Plaintiff's claims are

4

[* 4]

barred to the extent that the obligations which Plaintiff seeks to enforce are in violation of New York, or any other applicable civil and criminal usury laws). Thus, we consider the arguments solely as to these defenses that Plaintiff argues are meritless and must be dismissed as a matter of law.

The Court is aware that usury and the attendant violation of public policy are defenses commonly raised against transactions such as the agreement at issue in this action. The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be. *Principis Capital, LLC v. I Do, Inc.*, 201 A.D.3d 752, 754 (2d Dept 2022). Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. *Id.* Courts generally weigh three factors when determining whether repayment is absolute or contingent: (1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy. *True Bus. Funding, LLC v Guerrero A Constr. Corp.*, 239 A.D.3d 787, 788 (2d Dept 2025).

Defendants argue several recent cases from nearby jurisdictions are instructive to this Court as to whether the transfer of funds between these parties under the guise of a purchase of future receivables actually constitutes a usurious and unconscionable loan. Defendants specifically rely on the holding in *MCA Servicing Company v. Nic's Painting LLC*, 2024 N.Y. Misc. LEXIS 2238 (Sup. Ct. Rockland Cty. 2024), one of a trio of decisions issued by the Supreme Court, Rockland County (Cornell, J.) in April and May 2024 [along with *Apollo Funding Co. v. Dave Reilly Construction, LLC* (Index No. 35156/2023) and *Cloudfund, LLC v. Mobile Rehab, Inc.*, 2024 N.Y. Misc. LEXIS 4817 (Sup. Ct. Rockland Cty. 2024)] that permitted the use of a usury defense in the purchase of receivables.

Plaintiff contends Defendants' reliance on the holding in *MCA Servicing Company* is misguided because it ignores that the simultaneously decided case of *Apollo Funding* has since been reversed by the Second Department, granting summary judgment to the plaintiff.[2] In applying the three-factor analysis, the Second Department held that the transaction set forth in the parties' agreement was not loan, and thus the defendant could not assert criminal usury as defense. *Apollo Funding Co. v. Dave Reilly Constr., LLC*, 241 A.D.3d 1508 (2d Dept. 2025).

---

[2] The Court also notes that *MCA Servicing Company* is currently on appeal, with perfected briefs but no decision yet from the Appellate Division as of the date of this Decision and Order. Additionally, *Cloudfund LLC* was settled and discontinued before appeal.

[* 5]

INDEX NO. EF008726-2025

RECEIVED NYSCEF: 03/19/2026

Likewise, here the Agreement is comprised of terms that the Second Department has held do not equate to a loan, which would otherwise subject it to usury laws that limit the permissible interest rate. The Agreement provides for reconciliation, is not for a finite term, and does not allow for any action by Plaintiff if Defendants are in bankruptcy after signing the Agreement.[3] Thus, this Court finds the Agreement does not constitute a loan and, therefore, the usury defenses are unavailable and must be dismissed.

This Court is also aware of the numerous decisions emanating from trial courts across the state that have come to differing conclusions as to the availability of a usury defense, each based on the specific terms of the agreement in question. However, this Court's decision is aligned with the multitude of cases involving this specific Plaintiff, using the identical Agreement and Guaranty Agreement as in this case, that have held the Agreement does not constitute a loan and therefore, declined to consider the defense of usury. *See, e.g.*, *Simply Funding LLC v. Labels Unlimited, Inc.,* 2025 NY Slip Op 33779(U) (Sup. Ct. Orange Co.. 2025); *Simply Funding LLC v. Brannon Elec. LLC,* 2025 NY Slip Op 33699(U) (Sup. Ct. Orange Co. 2025); *Simply Funding LLC v. Gavin Meeh. Servs. LLC,* 2025 NY Slip Op 33678(U) (Sup. Ct. Orange Co. 2025); *Simply Funding, LLC v. Brito,* 2025 N.Y. Mise. LEXIS 7843 (Sup. Ct. Orange Co. 2025); *Simply Funding, LLC v. CJ Builders LLC, et al.,* Index No. EF007597-2024, NYSCEF Doc. 63 (September 3, 2025); *Simply Funding, LLC v. Flight Team LLC,* 2025 N.Y. Mise. LEXIS 7027 (Sup. Ct. Orange Co. 2025); *Simply Funding, LLC v. Clear Choice Imaging of Frisco, LLC,* 2025 N.Y. Mise. LEXIS 27 (Sup. Ct. Orange Co. 2025); *Simply Funding, LLC v. JTP Enters. LLC,* 2025 N.Y. Mise. LEXIS 233 (Sup. Ct. Orange Co. 2025).

Thus, Defendants' Ninth, Twentieth, Twenty-Second and Twenty-Third affirmative defenses relating to usury and violation of public policy are dismissed. The Court has considered the parties' remaining contentions and have found them to be without merit or not worthy of discussion in light of this conclusion.

Accordingly, Plaintiff's motion to dismiss Defendants' remaining affirmative defenses is granted.

---

[3] Defendants specifically acknowledge bankruptcy is not identified as an event of default but nevertheless argues the fact the Agreement required Defendants to represent they did not anticipate filing for bankruptcy effectively prohibited Defendants from doing so, an interpretation the Court rejects.

[* 6]

**Motion for summary judgment**

Turning next to Plaintiff's motion for summary judgment, Plaintiff argues it has established *prima facie* entitlement to summary judgment based on the affirmation of Jacob Kleinberger ("Kleinberger Affirmation"), the pleadings and discovery, including Defendants' admissions therein, Defendants' solicitation of the Agreement, the explicit terms of the Agreement, the transaction history demonstrating the parties' respective performances, and Defendants' ongoing business operations generating and collecting receivables while failing to remit Plaintiff's purchased percentage or provide the bank statements requested by Plaintiff that could have permitted Plaintiff to perform a reconciliation or adjustment. Plaintiff additionally argues Defendants' Answer is a general denial that cannot overcome Plaintiff's *prima facie* entitlement to summary judgment.

Defendants primarily argue summary judgment must be denied because Plaintiff has not offered admissible evidence to prove its performance, specifically challenging the foundation for the evidence demonstrating of Plaintiff's performance under the Agreement by transferring funds to Defendants' account following execution of the Agreement. Next, Defendants claim there is a factual dispute regarding Defendants' purported breaches because the bank documents are not authenticated or explained by a qualified witness. Defendants also assert there are issues of fact regarding what funds constitute "actionable business sales" receivables, and that Plaintiff's blocked ACH fee is an unenforceable penalty.

In reply, Plaintiff argues Defendants have failed to rebut Plaintiff's showing of *prima facie* entitlement to summary judgment because the opposition is unsupported by any sworn facts or admissible evidence; the Agreement is undisputed and Defendants have not refuted Plaintiff's performance or Defendants' multiple breaches; Defendants have failed to raise a material issue of fact as to the sufficiency of Plaintiff's *prima facie* proofs; Plaintiff's damages are an unrefuted sum certain; and Defendants' non-precedential and non-controlling case law cannot defeat summary judgment.

It is well settled a proponent of a motion for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law with proof in admissible form sufficient to establish the lack of any material issues of fact. *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 (1986); *Winegrad v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 853 (1985); *Zuckerman v City of New York*, 49 NY2d 557, 562 (1980). Once a showing of entitlement to summary judgment has

7

[* 7]

been made, the burden shifts to the party opposing the motion for summary judgment, to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. *See*, CPLR §3212 [b]; *Alvarez v. Prospect Hospital, supra; Zuckerman v. City of New York, supra*.

The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Dee v. Rakower*, 112 A.D.3d 204, 208–209 (2d Dept. 2013); *see Elisa Dreier Reporting Corp. v. Global NAPs Networks, Inc*., 84 A.D.3d 122, 127 (2d Dept. 2011). To recover on a promissory note, plaintiff "must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms". *American Realty Corp. of NY v. Sukhu*, 90 A.D.3d 792, 793 (2d Dept. 2011); *Lugli v. Johnston*, 78 A.D.3d 1133, 1135 (2d Dept. 2010). Thus, to be entitled to summary judgment here, Plaintiff must establish it (1) had a contract with Defendants, (2) performed under the contract, and (3) Defendants defaulted in making the agreed upon remittances of receivables weekly.

Here, the Court finds Plaintiff has demonstrated the existence of a contract with Defendants by submission of the Agreement. As to its performance under the Agreement and Defendants' breach, the Kleinberger Affirmation attests to the transfer of the funds following execution of the Agreement, as well as Defendants' partial performance and subsequent stoppage of electronic payment, as well as Plaintiff's efforts to communicate with Defendants following the stoppage of payment. Submitted with the Kleinberger Affirmation are copies of bank records demonstrating the transactions and the stoppage of those transactions. Defendants challenge the sufficiency of the proof submitted, arguing the bank records have not been authenticated and therefore cannot be relied on by Plaintiff, without which Plaintiff fails to meet its *prima facie* burden.

Contrary to Defendants' contentions, the Kleinberger Affirmation laid a proper foundation for the relevant business records as the witness had personal knowledge of the reported transactions, and of Plaintiff's record-keeping practices.

To establish a borrower's default through business records, a proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures. *Autovest, LLC v. Cassamajor*, 195 A.D.3d 672, 673

8

(2d Dept. 2021) (quoting *Standard Textile Co. v. National Equip. Rental,* 80 A.D.2d 911 [2d Dept. 1981] [internal quotation and citation omitted]). Here, the Kleinberger Affirmation provided this foundation. *See, Deutsche Bank Natl. Tr. Co. v. Pirozzi*, 230 A.D.3d 736, 739 (2d Dept. 2024); *Bank of New York Mellon v. Gordon*, 171 AD3d 197, 209 (2d Dept 2019). Thus, Plaintiff has demonstrated its performance under the Agreement as well as Defendants' breach via the stoppage of payment in August 2025.

The key facts here are not disputed. The parties entered a Receivables Purchase Agreement dated May 27, 2025, which was personally guaranteed by the individual Defendant. Defendants partially performed under the Agreement but later breached the Agreement by instructing their bank to dishonor the ACH withdrawals to which the Plaintiff was contractually entitled. Plaintiff established its *prima facie* entitlement to summary judgment on its claims for breach of contract and breach of performance guarantee through the submission of the Agreement, the Kleinberger Affirmation, and the relevant bank documents reflecting the transaction history. Such submissions are sufficient to meet Plaintiff's burden and entitle Plaintiff to an award of summary judgment. Defendants failed to establish any triable issue of fact and the Court finds Defendants' remaining arguments without merit. Accordingly, Plaintiff's motion for summary judgment is granted.

Additionally, the Court finds Defendants' contentions regarding this Agreement highly disingenuous in light of the fact Defendants entered into no fewer than three additional Purchase Receivables Agreements in July 2025, as evidenced by this Court's electronic filing system that reflects lawsuits brought against Defendants relating to alleged breaches of agreements dated July 9, 2025 for the sale of $75,000.00 of Defendants' future receivables to DLP Funding, LLC (Kings County Supreme Court Index No. 539005/2025); July 29, 2025 for the sale of $31,980.00 of their future receivables to Capital Express Holdings LLC (Monroe County Supreme Court Index No. E2025021000); and dated July 30, 2025 for the sale of $30,000.00 of their future receivables to HCK Funding LLC (King County Supreme Court Index No. 530892/2025). This pattern of activity by Defendants certainly raises questions, though not as to the sufficiency of Plaintiff's entitlement to summary judgment herein.

For all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion to dismiss Defendants' affirmative defenses (Mot. Seq. #1) is GRANTED; and it is further

9

[* 9]

**ORDERED** that Plaintiff's motion for summary judgment (Mot. Seq. #2) is GRANTED; and it is further

**ORDERED** that consistent with this Decision and Order, Plaintiff may enter judgment directly with the Clerk for the amount sought in the Complaint without further order of this Court.

The foregoing constitutes the Decision and Order of the Court.

Dated: March 19, 2026

E N T E R: 

_____
HON. KYLE C. McGOVERN, J.S.C.

10